PER CURIAM.
Defendant, Fields, was indicted and tried by jury for the crime of rape, found guilty without recommendation of mercy, and was adjudged guilty and sentenced to death. He appeals and we affirm.
The victim of the alleged rape testified essentially that while she was in her house-trailer, defendant came to it and asked for water to put into the radiator of his car. She complied, and after pouring the water into the radiator, defendant returned with the container and forced his way into the housetrailer. A struggle ensued whereupon defendant produced a knife, with a blade approximately six inches long, and, holding the victim by her arms threatened to kill her. She ceased the struggle and was forced onto the couch where the act of carnal intercourse was committed. The victim next observed the defendant drive away, whereupon she changed her clothes, .secured her child, went to a nearby motel and called her husband to advise him of the incident. Later, she similarly reported the events to the sheriff’s office, identified defendant’s automobile and identified defendant himself in a lineup. Medical examination based upon vaginal smears of the victim, established the presence of live sperm.
Defendant’s primary defense to this testimony, other than a forthright denial of the act, was to question the shortness of the time interval while he was away from his job as well as to question the mis-description of his attire, concluding therefrom that it was impossible for defendant to have committed the crime alleged.
The jury chose to believe otherwise, and our review of the entire record and transcript convinces us that the state produced a sufficient and satisfactory quantum of proof to sustain its burden. State v. Bowden, 154 Fla. 511, 18 So.2d 478 (1944); Askew v. State, 118 So. 219 (Fla.1960); and Jackson v. State, 107 So.2d 247 (Fla.App.2d 1958).
The function of a jury to resolve factual conflicts was performed in this cause in a manner squaring with reason and logic, and, clearly, defendant is not now *242 entitled to a trial de novo before us. State v. Smith, 249 So.2d 16 (Fla. 1971), reversing Smith v. State, 239 So.2d 284 (Fla.App.2d 1970).
Defendant finally attacks (1) the testimony relating to a previous offense, and (2) alleged prejudicial remarks made by the state attorney and his assistant during closing argument to the jury. Our review of these items also fails to disclose prejudicial error. The testimony concerning an earlier offense was at most an unpretentious remark during trial, was objected to by counsel and sustained by the court. The alleged prejudicial statements made during closing argument fail to contain those inflammatory or abusive qualities to qualify this case for reversible error. Collins v. State, 180 So.2d 340 (Fla.1965) and Cr PR 1.780, 33 F.S.A. See also State v. Jones, 204 So.2d 515 (Fla.1967).
Accordingly, no reversible error being demonstrated, the judgment and sentence appealed herein is,
Affirmed.
ROBERTS, C. J., and ERVIN, CARLTON, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.