PER CURIAM.
Defendant-Appellant, Daniel C. Atkinson, was informed against for (1) burglary, (2) sexual battery, (3) battery, (4) witness tampering, and (5) burglary. He was tried by a jury and found not guilty as to counts 2 and 3 and guilty of battery (as to count 1) and trespass (as a lesser included offense of count 5). Count 4 was dismissed.
On appeal Atkinson urges as reversible error the denial of his motion for mistrial on the ground that the prosecutor improperly commented on his refusal to testify. This point arises out of the following remark made by the prosecutor during closing argument to the jury:
“The defendant admits to the sex taking place between he and J_ M_ He can’t deny that. There were two police officers and Roy Webb and William Layton who saw that.
“He doesn’t admit to how—
“MR. ROSENBLATT: Judge, objection.”
Although Atkinson did not take the stand, through defense counsel he asserted the defense of consent to the sexual battery charge. We, therefore, conclude that the above comment was a mere reference to the undisputed fact that Atkinson had engaged *325 in sexual relations with the victim and not a reference to his failure to testify. See Budman v. State, 362 So.2d 1022, 1027 (Fla. 3d DCA 1978); Simpson v. State, 352 So.2d 125 (Fla. 1st DCA 1977), and United States v. Capo, 595 F.2d 1086, 1094-95 (5th Cir. 1979). Thus, this case is readily distinguishable from Watkins v. State, 363 So.2d 575 (Fla. 3d DCA 1978) upon which Atkinson relies because the comment therein was to the effect that the State’s evidence stood unde-nied by the defendant in contrast to the instant case where the act of sexual intercourse between Atkinson and the victim was admitted through defense counsel. Furthermore, we note that the subject remark obviously was related only to the sexual battery charge of which Atkinson was acquitted.
Atkinson secondly contends that the trial court did not adequately instruct the jury on the crime of burglary in that the court failed to fully instruct the jurors on the proof of intent. We cannot agree.
A review of the record reveals that the trial court did instruct the jury that one of the elements of the crime of burglary which must be proven beyond a reasonable doubt is that “at the time of the entering or remaining in the premises the defendant had a fully formed conscious intent to commit the offense, as to Count I, assault or battery”. This instruction was adequate to cover the element of intent as concerns the crime charged. See Dunlap v. State, 252 So.2d 292 (Fla. 2d DCA 1971); White v. State, 324 So.2d 115 (Fla. 3d DCA 1975). In addition, Atkinson failed to object to the subject instruction although he was given several opportunities to do so and, therefore, he cannot raise this issue on appeal for the first time. See Fla.R.Crim.P. 3.390(d) and Castor v. State, 365 So.2d 701 (Fla.1978).
Last, Atkinson argues that the trial court erred in denying his request to instruct the jury on circumstantial evidence in that the prosecution relied upon circumstantial evidence to prove various aspects of the burglary charge.
Again, the record reflects that Atkinson failed to object to the denial of his requested instruction on circumstantial evidence. Moreover, such an instruction was not necessary because there was sufficient direct evidence. See State v. Anderson, 270 So.2d 353 (Fla.1972). Thus, this point lacks merit.
For the reasons stated, the judgment of conviction is affirmed.
Affirmed.