463 So.2d 398 (1985)
Charles Lee DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. AY-264.
District Court of Appeal of Florida, First District.
January 29, 1985.
*399 Michael E. Allen, Public Defender, and Kenneth L. Hosford, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant pleaded nolo contendere to sale of marijuana, was adjudicated guilty, and was sentenced to 30 months of imprisonment. The trial court determined that appellant had three prior felony convictions; consequently, the 30-month sentence was within the guidelines range.
At the sentencing hearing, appellant raised objection to the sentencing scoresheet, claiming he had only one prior felony conviction. Where the defendant disputes the truth of hearsay statements contained in pre-sentence investigation reports, which would be material to the statutory findings which the trial court is required to make, the court must require the state to produce corroborating evidence. Eutsey v. State, 383 So.2d 219 (Fla. 1980). We find this standard applies to sentencing guidelines cases.
The pre-sentence investigation report indicated appellant had four prior felony convictions. The trial court threw one out because it was a duplicate. Of the other three, two were verified by defendant's probation officer in Nebraska. The third was not addressed, as evidenced by the State Attorney's comment, "I wasn't working on that one so I'm not positive on that. So, Your Honor, that would cut one felony off of the three."
Because the third felony conviction was not corroborated in any way, the trial court's determination that appellant had three prior felony convictions was, under Eutsey, supra, error, resulting in a longer sentence based on the higher guidelines range, and is therefore reversed.
The cause is remanded for a new sentencing hearing and such resentencing as may be required thereafter.
BOOTH and SHIVERS, JJ., and TILLMAN PEARSON (Ret.), Associate Judge, concur.