478 So.2d 429 (1985)
David S. VANDENEYNDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 85-418.
District Court of Appeal of Florida, Fifth District.
November 7, 1985.
William N. DeCarlis, P.A., Gainesville, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Chief Judge.
David S. Vandeneynden appeals the departure guidelines sentence he received from his conviction of aggravated battery with a deadly weapon not a firearm.
Vandeneynden's score sheet revealed a total score of 203 points, giving him a recommended sentence of four-and-a-half to five-and-a-half years' incarceration. The lower court departed from the guidelines sentence and sentenced him to fifteen years' incarceration. The trial court stated its reasons for departure, as follows:
The defendant, David S. Vandeneynden, pleaded guilty to aggravated battery with a deadly weapon not a firearm, thereby eliminating the minimum mandatory sentence of three years. This defendant shot another human being with premeditated design. His prior criminal record indicates that he is a dangerous offender who needs to be removed from society. He has a prior adult record dating back to 1965. His record includes petit theft, grand theft, burglary, possession of dangerous drugs, forgery, bank robbery and escape. He has clearly demonstrated that he cannot live within the framework of a free society and abide by its laws. Aggravated battery is one of the most dangerous offenses proscribed by our lawmakers. Conviction of aggravated battery, particularly by a prior felon, aggravates a situation in the mind of the public; therefore, this Court finds and determines that it is necessary to go outside the sentencing guidelines and impose a sentence accordingly.
The Florida Supreme Court has recently held that when a departure sentence is grounded on both permissible and impermissible reasons, the sentence should be *430 reversed and the case remanded for resentencing unless the state is able to show beyond a reasonable doubt that the absence of impermissible reasons would not have affected the departure sentence. See Brinson v. State, 476 So.2d 162 (Fla. 1985); Brooks v. State, 476 So.2d 163 (Fla. 1985); State v. Carney, 476 So.2d 165 (Fla. 1985); State v. Young, 476 So.2d 161 (Fla. 1985); Albritton v. State, 476 So.2d 158 (Fla. 1985). In the present case, the trial court's justification for departing from the guidelines sentence was based on the prior record of Vandeneynden, the nature of the offense for which he was convicted, and the nature of the offense with which he was charged but not convicted. There was no proper basis for departure. See Hendrix v. State, 475 So.2d 1218 (Fla. 1985). Accordingly, this case must be remanded for resentencing.
Additionally, at the sentencing hearing, when Vandeneynden disputed the existence and degree of a number of convictions included in the score sheet, the trial court did not require the state to present additional proof. It has been repeatedly held that where a defendant disputes the truth of hearsay statements contained in a presentence investigatory report, the court must require the state to produce corroborating evidence. See Eutsey v. State, 383 So.2d 219 (Fla. 1980); Davis v. State, 463 So.2d 398 (Fla. 1st DCA 1985). Thus, upon remand the trial court is instructed to require the state to produce corroborating evidence or strike the disputed convictions from the score sheet.
Lastly, the appellant contends that the scoring of victim injury as a severe injury was in error. Scoring of victim injury is within the discretion of the trial court judge. See Fla.R.Crim.P. 3.701(d)(7). The trial court had before it the information that the victim was shot directly in the left portion of the chest by a shotgun at extremely close range. Medical bills were over $5,000.00. Given these facts, the trial court did not abuse its discretion.
REVERSED and REMANDED.
DAUKSCH and ORFINGER, JJ., concur.