483 So.2d 525 (1986)
William Henry MORRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-474.
District Court of Appeal of Florida, Fifth District.
February 20, 1986.
James B. Gibson, Public Defender, and Michael O'Neill, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Ellen D. Phillips, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
The defendant appeals from a departure sentence of 5 years' imprisonment imposed after he was convicted of uttering a forged instrument, a third degree felony. We vacate the sentence and remand for resentencing.
At the sentencing hearing, the defendant disputed the accuracy of his prior criminal record as disclosed in the presentence investigation report (P.S.I.). Specifically, he contended that certain of the felony offenses should not have been considered, either because they were duplications of another offense or because no clear disposition was demonstrated. If the court had resolved the dispute is defendant's favor, the recommended guideline sentence would be 2 1/2 to 3 1/2 years, instead of the recommended 3 1/2 to 4 1/2 years as shown by the scoresheet prepared by the State. The trial court did not resolve this dispute, but instead imposed a departure sentence.
The written reasons for departure were:
The Defendant, WILLIAM HENRY MORRIS, is a career criminal. His criminal involvement dates back almost 15 years to when he was convicted of the offense of uttering a forged instrument in Ann Arbor, Michigan. He has been in and out of prisons ever since with convictions for burglary, larceny, bail jumping, *526 motor vehicle theft, and driving while intoxicated. In addition, he absconded on the present charge. The pattern of his course of criminal conduct is such that the recommended guidelines range is simply insufficient for society and this individual. Therefore, this Court finds and determines that it is necessary to go outside the guidelines and impose a sentence accordingly.
If the departure sentence could be sustained, the court's failure to resolve the scoresheet dispute would be harmless, but because we cannot sustain the departure sentence, it is necessary that those differences be resolved. Committee Note to Florida Rule of Criminal Procedure 3.701(d)(5) provides: "Any uncertainty in the scoring of the defendant's prior record shall be resolved in favor of the defendant, and disagreement as to the propriety of scoring specific entries in the prior record should be resolved by the trial judge." Where a defendant disputes the truth of hearsay statements contained in a presentence investigation report, the court must require the State to produce corroborating evidence. See Vandeneynden v. State, 478 So.2d 429 (Fla. 5th DCA 1985); Davis v. State, 463 So.2d 398 (Fla. 1st DCA 1985); Eutsey v. State, 383 So.2d 219 (Fla. 1980).
The reasons given for departure are essentially based on defendant's prior record. Since the sentence was imposed here, the Florida supreme court has held that matters which are already factored into the guidelines scoresheet cannot be used as clear and convincing reasons for departure. Hendrix v. State, 475 So.2d 1218 (Fla. 1985). What the trial court is referring to when it alludes to defendant's absconding on the present charge is not clear. We therefore have no way of determining whether that reason is valid or invalid, but even if valid (a point we do not decide) it would be necessary that we vacate the sentence because the State has not demonstrated beyond a reasonable doubt that the sentence would have been imposed in the absence of the impermissible reasons. Albritton v. State, 476 So.2d 158 (Fla. 1985).
The sentence is vacated and the cause is remanded for resentencing in accordance with the guidelines, absent clear and convincing reasons for departure.
SENTENCE VACATED. REMANDED.
DAUKSCH and COWART, JJ., concur.