UPCHURCH, Chief Judge.
Hampton Alonzo Corry appeals the sentence imposed following his plea of guilty to resisting an officer with violence. His sole argument on appeal is that the inclusion of 36 points for legal constraint at time of the offense was error where the points were based on contested and uncorroborated information in the presentence investigation report.
By information filed July 2, 1984, Corry was charged with resisting arrest with violence on May 14, 1984. Corry pleaded guilty and in return the state agreed to recommend probation and community service. After Corry entered his plea, a supplemental presentence investigation was prepared which revealed an outstanding arrest warrant for violation of probation from South Carolina dated August 25, 1984. The warrant was based on an affidavit of violation of probation dated August 25, 1978. Corry maintained he did not know he was still on probation when he left *1344 South Carolina and that he was unaware of the outstanding arrest warrant from South Carolina. Corry had been placed on probation in November 1977 in South Carolina and had come to Florida in 1978, where he was incarcerated from 1979 to 1982.
Corry contends that because he disputed the truth of the hearsay statements in the presentence investigation the court erred in failing to require the state to present corroborating evidence of his probation status. Corry cites Morris v. State, 483 So.2d 525 (Fla. 5th DCA 1986), Robbins v. State, 482 So.2d 580 (Fla. 5th DCA 1986) and Vandeneynden v. State, 478 So.2d 429 (Fla. 5th DCA 1985), among others, for the proposition that when a defendant disputes the truth of a hearsay statement in a presen-tence investigation report, the court shall require the state to produce corroborating evidence. The state responds that Corry failed to dispute the accuracy of the pre-sentence investigation report at the sentencing hearing and thus the issue is not preserved for appeal. The state points out that a defendant is required to timely object to the accuracy of any hearsay in the presentence investigation report. Eutsey v. State, 383 So.2d 219 (Fla.1980).
While the objection to the report should have been more specific, we conclude that defense counsel’s remarks were sufficient to place the court upon inquiry.[1] Clearly the difference in dates on the arrest warrant and the affidavit of violation of probation raises an issue as to Corry’s legal status at the time of the commission of the offense for which he was sentenced. See Hannah v. State, 480 So.2d 718 (Fla. 4th DCA 1986). Therefore, we remand the cause for a hearing to determine Corry’s status at the time of the offense.
REVERSED and REMANDED.
DAUKSCH and SHARP, JJ., concur.

. Defense counsel stated:
What we have, I can only assume that a paper was presumably signed on August 25, 1978, and no action taken on that until either August 25, 1984 or after the presentence investigation officer in Orange County checked into it and called South Carolina to find out more details on the ’77 South Carolina conviction.
******
That date does not make any sense to me, the August 25, 1984, date. I don’t know how that fits in. I’m sure it was not executed that date because he was, the case here, he was arrested on our case on May 14, 1984, and he entered, the plea was entered on November 9 of ’84; certainly between that period of time, they did not execute any warrant on him during that time, that’s for sure; certainly did not know anything about this at the time we tendered the plea in November 1984. It does not appear fair it should be counted against him.