505 So.2d 17 (1987)
Brent MINNIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-1890.
District Court of Appeal of Florida, Third District.
April 7, 1987.
Bennett H. Brummer, Public Defender, and Barbara S. Levenson, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Debora J. Turner, Asst. Atty. Gen., for appellee.
Before BARKDULL, HUBBART and BASKIN, JJ.
PER CURIAM.
The defendant Brent Minnis appeals a judgment of conviction and sentence for robbery entered below on an adverse jury verdict. He raises three points on appeal relating to (1) the admission in evidence of an alleged collateral crime, (2) a comment by the prosecuting attorney in closing argument to the jury, and (3) the sentence imposed in the case. We find no merit in any of these points and affirm.
First, the state did not introduce collateral crime evidence as the testimony complained of does not lend itself to a reasonable inference that the defendant was involved in a collateral crime or prior bad act. Moreover, the subject testimony was so fleeting and minor in nature that it could not possibly have contributed to the conviction based on this record. See Fields v. State, 257 So.2d 241, 242 (Fla. 1971); Dornau v. State, 306 So.2d 167, 171 (Fla. 2d DCA 1974), cert. denied, 422 U.S. 1011, 95 S.Ct. 2636, 45 L.Ed.2d 675 (1975); Hines v. State, 243 So.2d 434, 435 (Fla. 2d DCA 1971).
Second, the prosecuting attorney did not, as urged, comment on the defendant's refusal to testify in this case. He commented on the defendant's oral statement to the arresting police officer, noting that the defendant did not assert an alibi in this statement. This is a perfectly permissible comment on the defendant's statement to the police, and in no sense amounts to a comment on the defendant's exercise of his right to remain silent. See Harris v. State, 438 So.2d 787 (Fla. 1983), cert. denied, 466 U.S. 963, 104 S.Ct. 2181, 80 L.Ed.2d 563 (1984); Kinnon v. State, 439 So.2d 958 (Fla. 3d DCA, 1983), pet. for review denied, 451 So.2d 849 (Fla. 1984); Atkinson v. State, 378 So.2d 324 (Fla. 3d DCA 1980).
Third, we see no sentencing error here because the state relied on an otherwise official court computer printout to establish *18 that the defendant had been previously convicted of two prior felonies and four prior misdemeanors. There is no showing that this printout was inaccurate in any way; the defendant generally objected to the method of corroboration of the sentencing computation, not to its truthfulness, and now urges that certified copies of all such convictions are required when challenged, as here, by the defendant. We know of no authority to support such an assertion and none is cited by the defendant. All that is required is that a defendant's prior convictions be corroborated by the state, and we think the court computer printout in this case was sufficient corroboration. See Brown v. State, 473 So.2d 1260, 1266 (Fla.), cert. denied, ___ U.S. ___, 106 S.Ct. 607, 88 L.Ed.2d 585 (1985); Eutsey v. State, 383 So.2d 219 (Fla. 1980); Thompson v. State, 478 So.2d 462, 464 (Fla. 1st DCA 1985); cf. Stacey v. State, 483 So.2d 542 (Fla. 1st DCA 1986) (Where defendant disputes the truthfulness of the statements concerning prior convictions and state offers no corroboration whatever, remand for corroboration is required.); Morris v. State, 483 So.2d 525 (Fla. 5th DCA 1986) (same); Davis v. State, 463 So.2d 398 (Fla. 1st DCA 1985) (same).
The final judgment of conviction and sentence under review are, in all respects,
Affirmed.