SHARP, Judge,
dissenting.
I would quash the sentence imposed by the trial court (3V2 years), and once again remand for resentencing.[1] This time, the error is the lower court’s failure to use the sentencing guidelines in effect at the time the crime was committed, rather than those in effect at the time of sentencing. Miller v. Florida, — U.S.—, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987).
Although the 3½ year sentence Corry received was the maximum sentence possible under the applicable guidelines, and thus in a sense “harmless error,” Corry is entitled to be resentenced under a properly prepared scoresheet so the trial court can *1066 make a fully informed decision.[2] Corry had received the minimum sentence under the inapplicable guidelines. Upon resen-tencing, the court might similarly choose the minimum sentence in the applicable guidelines range, i.e. 2½ years.

. Corry v. State, 497 So.2d 1343 (Fla. 5th DCA 1986).

. Davis v. State, 493 So.2d 82 (Fla. 1st DCA 1986).