546 So.2d 1181 (1989)
Charles Chester BLANTON, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1803.
District Court of Appeal of Florida, Fifth District.
August 3, 1989.
*1182 William J. Sheaffer, of William J. Sheaffer, P.A., for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Colin Campbell, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Blanton appeals from his sentence of 2 1/2 years, followed by 12 1/2 years probation for lewd assault on a minor child.[1] He entered into a plea agreement with the state whereby the state promised it would not oppose community control or ask for incarceration in return for his plea. Blanton argues the state violated his plea agreement by including in the PSI the recommendations of the arresting officer and the probation and parole officer, to impose "the worst punishment he can get." Blanton also argues that the trial court erred by including 20 points on his sentencing scoresheet for "victim injury." We agree with the latter argument.

PLEA AGREEMENT:
Blanton argues that he should be resentenced by a different trial judge, not "infected" with having read the officers' recommendations in the PSI report, relying on Tillman v. State, 522 So.2d 14 (Fla. 1988) (reassignment to new sentencing judge required where trial court never afforded defendant an opportunity to withdraw his plea after he had objected to statements in PSI). This position is without merit. Once the state's "tacit" agreement to stand silent and not advocate a prison term was shown to have been inadvertently broken by the officers' reports in the PSI, the trial judge gave Blanton the option to withdraw his plea. Lee v. State, 501 So.2d 591 (Fla. 1987).
The record shows that this option was vehemently rejected by defense counsel. He feared that without the plea bargain the state attorney's office would seek a much harsher sanction against Blanton, "because we now have a new regime."[2] We do not think the trial court need do anything more once the defendant rejects the court's proffer to withdraw the plea. Lee. Tillman does not afford the defendant the choice of withdrawing his plea or reassignment of the case to a new sentencing judge.

SENTENCING SCORESHEET:
Blanton's proper scoresheet total was 158 points which translated into "any nonstate prison sanction." The addition of 20 points for victim injury increased the total to 178 or "community control or 12-30 mos. incarceration". Therefore, the addition of the 20 victim injury points was critical. At sentencing, Blanton's attorney strenuously argued there was no competent evidence of any victim injury or contact. The only evidence of any contact with the victim in this record are three statements attached to the PSI. This is not *1183 a competent basis to establish facts in dispute upon which Blanton's sentence must turn.
In Vandeneynden v. State, 478 So.2d 429 (Fla. 5th DCA 1985), this court stated:
Additionally, at the sentencing hearing, when Vandeneynden disputed the existence and degree of number of convictions included in the scoresheet, the trial court did not require the state to provide additional proof. It has been repeatedly held that where defendant disputes the truth of hearsay statements contained in a presentence investigatory report, the court must require the state to produce corroborating evidence. See Eutsey v. State, 383 So.2d 219 (Fla. 1980); Davis v. State, 463 So.2d 398 (Fla. 1st DCA 1985). Thus, upon remand the trial court is instructed to require the state to produce corroborating evidence or strike the disputed convictions from the score sheet. (emphasis supplied)
Id. at 430. See also Corry v. State, 497 So.2d 1343 (Fla. 5th DCA 1986); Morris v. State, 483 So.2d 525 (Fla. 5th DCA 1986).[3] These cases involve objections to hearsay statements in the PSI regarding prior record or legal restraint. None of these cases involve hearsay statements in the PSI with regard to scoring victim injury, but the same principles are applicable. Accordingly, we vacate the sentence and remand for resentencing consistent with this opinion.
AFFIRM Conviction; QUASH Sentence; REMANDED.
GOSHORN, J., concurs.
DAUKSCH, J., concurs specially without opinion.
NOTES
[1] § 800.04, Fla. Stat. (1987).
[2] Blanton had been originally charged with sexual battery on a minor pursuant to section 794.011(2), a capital felony. He was allowed to plead to lewd assault, a second degree felony as part of the plea bargain.
[3] These cases are based on the supreme court's holding in Eutsey v. State, 383 So.2d 219, 224 (Fla. 1980) (involving a habitual offender proceeding) that it was imperative to require the state to produce corroborating evidence where the defendant disputed the truth contained in PSI reports.