DAUKSCH, Judge.
Appellant pleaded nolo contendere to the charge of first degree arson. Her motion to dismiss the charge had been denied in face of her challenge to the evidence in support of it. Rule 3.190(c)(4), Fla.R. Crim.P.
The facts are not in dispute. Appellant set fire to an unoccupied automobile which was parked in a shopping center parking lot. This was done at the behest of the owner of the car.
Arson is proscribed by section 806.01, Florida Statutes (1987).
806.01 Arson.—
(1)Any person who willfully and unlawfully, by fire or explosion, damages or causes to be damaged:
(a) Any dwelling, whether occupied or not, or its contents;
(b) Any structure, or contents thereof, where persons are normally present, such as: Jails, prisons, or detention centers; hospitals, nursing homes, or other health care facilities; department stores, office buildings, business establishments, churches, or educational institutions during normal hours of occupancy; or other similar structures; or
(c)Any other structure that he knew or had reasonable grounds to believe was occupied by a human being, is guilty of arson in the first degree, which constitutes a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(2) Any person who willfully and unlawfully, by fire or explosion, damages or causes to be damaged any structure, whether the property of himself or another, under any circumstances not referred to in subsection (1), is guilty of arson in the second degree, which constitutes a felony of the second degree, punishable as provided in s. 775.082, s. 775.-083, or s. 775.084.
(3) As used in this chapter, “structure” means any building of any kind, any enclosed area with a roof over it, any real property and appurtenances thereto, any tent or other portable building, and any vehicle, vessel, watercraft, or aircraft.
As can be seen, the difference between first degree arson and second degree arson concerns primarily human occupancy. If the structure burned is occupied or likely to be occupied then the crime is the greater first degree arson. If not, then the crime is the lesser second degree arson. Here the “structure” was a vehicle in a parking lot 200 feet from the nearest building. It was unoccupied and burned on purpose by appellant and the owner for some reason.
Therefore, this is a second degree arson case, should have been charged as such, and it was error for the court to not have reduced the charged crime to second degree arson.
The conviction is reversed and the case remanded to the trial court with instructions to enter judgment for second degree arson and to resentence.
REVERSED and REMANDED with instructions.
SHARP and HARRIS, JJ., concur.