DANIEL, Chief Judge.
The defendant appeals from the entry of two separate judgments and one sentence arising from a DUI incident occurring on February 22, 1987. He and the state agree that the latter judgment and sentence must be declared a nullity and set aside as violating the constitutional prohibition against double jeopardy.[1] Defendant also contends that the cause should be remanded for sentencing pursuant to the first judgment entered in accordance with the terms of his plea tendered on September 26, 1988. The state responds that an incorrect sentencing scoresheet was utilized when the judge accepted the defendant’s plea and that the trial court should not be forced to comply and give defendant an improper departure sentence. On this point we remand for further proceedings to determine the terms of the plea agreement.
Following an automobile accident in February 1987, the defendant was charged, in a three count information, with DUI manslaughter, DUI causing serious bodily injury to another, and DUI causing damage to the property of another. In September 1987, the state and defendant jointly consented to, and the court ordered, a pre-plea presentence investigation. One year later, in September 1988, the defendant through counsel, tendered a plea of nolo conten-dere to all charges based on his understanding that the trial court would accept the pleas, adjudicate the defendant to be guilty of each charge, and sentence the defendant to three years incarceration to be followed by a consecutive three-year probationary term. The tendered plea also was based on an understanding that the court would consider early termination of the probationary term when and if the defendant paid the victim $2,916.25 restitution. The tendered plea was in writing, signed by the defendant but not by the state. The trial court accepted the plea, adjudicated the defendant guilty as charged, and set sentencing for November 15, 1988, noting:
THE COURT: At which time you will be before the court, you will be sentenced as indicated by your attorney, and the probationary period will be terminated successfully after payment of $2,916.25.
At the outset of the above-mentioned plea hearing, the assistant state attorney announced that under the sentencing guidelines, as reflected in the pre-plea sentence investigation, defendant’s recommended sentence was three to seven years incarceration and further recommended that the defendant be sentenced to five years incarceration and ordered to pay restitution. After the court accepted the plea, the court deferred formal sentencing at the request of the assistant state attorney, who had wanted to present the victim’s testimony to *1283 have a harsher sentence imposed on the defendant. A written judgment was filed on September 26, 1988.
On the scheduled sentencing date the state claimed that it had objected to the entry of the plea at the time it was submitted and to the proposed sentence. The state also claimed the scoresheet to be incorrect. The trial judge deferred sentencing pending receipt of memoranda of law ordered by him to be filed by the state and the defendant.[2] In January 1989, the trial court ordered probation and parole officials to provide the court with information regarding the alleged prior DUI convictions of defendant. On February 27, 1989, the state inexplicably filed an amended information charging the same offenses as in the original information with the exception that count II thereof was amended to delete the word “serious” before bodily injury, thereby reducing that charge from a felony to a misdemeanor.[3] The defendant stood silent at the arraignment on the amended information resulting in the trial court entering a not guilty plea on his behalf. The matter proceeded to jury trial whereupon the defendant was found guilty on all three charges. The trial court thereafter adjudicated the defendant guilty of the three charges and subsequently sentenced him to an aggregate sentence of seventeen years incarceration. This sentence was based on a guidelines scoresheet that included prior DUI convictions from Ohio, to which the defendant objected as being unverified.
Both the defendant and state agree that the existence of the first judgment renders the second judgment a nullity as violating the constitutional prohibition against double jeopardy. U.S. Const. Amend. V and XIV; Art. I, § 9, Fla. Const. Jeopardy attached when the trial court accepted the defendant’s nolo contendere plea in accordance with Florida Rule of Criminal Procedure 3.172(f). State ex rel. Wilhoit v. Wells, 356 So.2d 817, 823 (Fla. 1st DCA); cert. denied, 359 So.2d 1222 (1978). It naturally follows that the sentence arising from the latter, void judgment is also invalid.
Upon remand the trial court should determine the conditions of the original plea in regard to sentencing. If the original terms cannot be followed because it would constitute an improper sentence, then the trial court should offer the defendant the opportunity to withdraw his plea or be allowed to proceed with the plea without the trial court being bound by any agreement, or conditions. Cf. Gamble v. State, 449 So.2d 319, 322 (Fla. 5th DCA 1984); Wilhoit, 356 So.2d at 824.
Because it appears that the defendant, through the accumulation of gain time, may soon serve the sentence to which he originally agreed, the trial court is directed to determine the issues discussed herein and properly sentence the defendant with all deliberate speed.[4]
Finally, we note that count II of the judgment dated September 26, 1988, should be reduced from a third degree felony to a first degree misdemeanor. The state admitted that the evidence failed to show that the victim suffered “serious” bodily injury. Cf. Krantz v. State, 553 So.2d 746 (Fla. 5th DCA 1989). This will no doubt further affect defendant’s scoresheet and, possibly, *1284 his sentence.[5]
Judgment and sentence dated April 12, 1989, VACATED; REMANDED for further proceedings.
GOSHORN, J., concurs.
HARRIS, J., dissents with opinion.

. U.S. Const. Amend. V and XIV; Art. I, § 9, Fla. Const.

. The original trial judge retired at the end of December 1988, and all proceedings thereafter were conducted by his successor in office.

. At trial, the state candidly admitted the victim’s injuries were not of a nature to warrant the more serious offense.

. See State v. Bateh, 110 So.2d 7 (Fla.1958), cert. denied, 361 U.S. 826, 80 S.Ct. 74, 4 L.Ed.2d 69 (1959) (“When a trial court has delayed the sentence, the power to sentence must be exercised before the lapse of the extreme period for which sentence could have been imposed, and when it is inflicted the term cannot be projected beyond the extreme period."); State v. Sweetman, 302 So.2d 164, 165 (Fla. 4th DCA 1974); Fla.R.Crim.P. 3.720.

. We do not reach the scoring of defendant’s out-of-state DUI convictions because that issue is not presently before the court. We note, however, that where a defendant disputes the degree and number of convictions in a score-sheet, the state must produce adequate corroborative evidence or strike the disputed conviction(s) from the scoresheet. Blanton v. State, 546 So.2d 1181 (Fla. 5th DCA 1989); Vandeneynden v. State, 478 So.2d 429 (Fla. 5th DCA 1985).