941 So.2d 479 (2006)
Martin J. SMITH, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-1870.
District Court of Appeal of Florida, Third District.
November 1, 2006.
*480 Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.
Before WELLS, CORTIÑAS, and LAGOA, JJ.
LAGOA, J.
The defendant, Martin Smith, appeals from an order of restitution entered against him after he pled guilty to second-degree murder with a deadly weapon. We reverse and remand for a new restitution hearing because the State's evidence was improperly based on hearsay.

FACTS
In 1999, Martin Smith was charged by indictment with the first-degree murder of Stephen Burke after Smith cut Burke's throat with a knife. Six years later, on April 25, 2005, Smith pled guilty to the lesser charge of second-degree murder, and was sentenced to forty years in prison. At the sentencing hearing, the trial court reserved jurisdiction in order to impose restitution to the victim's family for funeral expenses.
On June 1, 2005, the trial court held a hearing to establish a restitution amount. At the hearing, the State explained that because the victim's mother died during the six-year interim between her son's death and the defendant's sentencing, expense receipts for the victim's funeral, which occurred in England, could not be *481 located. The State estimated that the cost of transporting the victim's body to England and the cost of the funeral was between eight and ten thousand dollars. Defense counsel objected to the lack of documentation to support this estimate. The trial court reset the hearing for thirty days in order to give the State time to obtain notarized cost estimates from the airline and from the funeral home.
On July 1, 2005, a second hearing was held and the State presented an affidavit from the victim's brother stating that the funeral expenses were $9,200.[1] Defense counsel objected to the affidavit as hearsay. Specifically, defense counsel argued that the affidavit was simply a blanket statement of total costs and did not indicate that the brother had personal knowledge of the funeral expenses. Based upon the affidavit, the trial court imposed an order of restitution requiring the defendant to pay $9,200 to the victim's brother.

PURPOSE OF RESTITUTION
"Unlike civil damages, restitution is a criminal sanction. The purpose of restitution is not only to compensate the victim, but also to serve the rehabilitative, deterrent, and retributive goals of the criminal justice system." Spivey v. State, 531 So.2d 965, 967 (Fla. 1988). Pursuant to section 775.089, Florida Statutes (2005), a defendant shall be ordered to make restitution to the victim for damage or loss caused directly or indirectly by the defendant's offense. In a case such as this one, where the defendant's crime resulted in the victim's death, section 775.089(2)(a)4, Florida Statutes (2005), provides that the defendant shall "pay an amount equal to the cost of necessary funeral and related services."
Pursuant to section 775.089(7), Florida Statutes (2005), when there is a dispute as to the amount of restitution, the State has the burden of establishing by a preponderance of the evidence the proper amount of the loss. In proving the amount of the loss, the State may not rely on hearsay testimony when the defense properly objects to its introduction. J.D. v. State, 693 So.2d 146 (Fla. 3d DCA 1997); J.L. v. State, 684 So.2d 883 (Fla. 3d DCA 1996); Louis v. State, 654 So.2d 1290 (Fla. 3d DCA 1995); Delks v. State, 622 So.2d 624 (Fla. 2d DCA 1993).

ANALYSIS
In this case, there is no question or dispute that actual costs were incurred  the victim's body was returned to and funeral expenses were incurred in England. The State understandably was unable to produce receipts because the victim's mother, who possessed the receipts, died during the six-year interim between her son's death and the defendant's sentencing. The trial court therefore instructed the State to produce documentation from the airline and from the funeral home regarding transportation and funeral costs. The State instead presented an affidavit from the victim's brother regarding the expenses.
Because the State's presentation was based solely on hearsay to which the defendant objected, we reverse and remand for the trial court to conduct a new restitution hearing. Given the time that has elapsed since the death of the victim and the time of sentencing, the State at the hearing may introduce affidavits from an airline and a funeral home establishing the estimated costs for transportation and funeral services in 1999 and it need not *482 provide documentation or receipts showing actual costs.
Reversed and remanded.
NOTES
[1] The affidavit was not made a part of the record before this Court.