997 So.2d 1182 (2008)
Donald BAKER, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-2478.
District Court of Appeal of Florida, Third District.
December 17, 2008.
Bennett H. Brummer, Public Defender, and Maria E. Lauredo, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Heidi Milan Caballero, Assistant Attorney General, for appellee.
Before SUAREZ, CORTIÑAS, and ROTHENBERG, JJ.
CORTIÑAS, J.
Donald Baker ("Defendant") admitted to violating the terms of his probation and was sentenced to 8.2 years in prison, the minimum sentence recommended by the guideline scoresheet. Defendant timely moved for resentencing based on alleged errors in the guideline scoresheet, which the State conceded was incorrect. During the resentencing hearing, defense counsel refused to stipulate to the new scoresheet because it included convictions that were based solely on a hearsay printout. Nevertheless, the trial court accepted the newly calculated scoresheet and denied the Motion to Resentence.
Where a defendant disputes prior convictions that are based only on hearsay evidence, the court must require the State to produce corroborating evidence. See Eutsey v. State, 383 So.2d 219, 225 (Fla. 1980); Blanton v. State, 546 So.2d 1181, 1183 (Fla. 5th DCA 1989); Davis v. State, 463 So.2d 398, 399 (Fla. 1st DCA 1985). In the instant case, following defense counsel's refusal to stipulate to the hearsay-based scoresheet, the trial court was required to request from the State competent corroborating evidence. It erred in not doing so.
On remand, the State should have an opportunity to prove Defendant's prior convictions by corroborating, non-hearsay evidence. See Williams v. State, 545 So.2d 302, 303-04 (Fla. 3d DCA 1989).
Reversed and remanded.