GROSS, J.
We reverse the restitution award entered in this case because there was no competent evidence to support the extent of the award.
After being charged with a felony, appellant entered a negotiated plea to the misdemeanor offense of contracting without a license[1] and agreed to pay restitution in an amount to be later determined at a restitution hearing.
The victims in this case were an elderly couple. Their son, who had a du- *248 rabie power of attorney to handle his parents’ checking accounts, was the only witness at the restitution hearing. The son testified, properly, that his parents paid appellant $20,000 for a roofing job and $4,000 for other repairs. As to the deficiencies in the roof, however, the son testified, over appellant’s hearsay objection, on what roof inspectors told him was wrong with the roof. The trial court made a restitution award of $23,975.
A restitution award “must be based on competent evidence.” Glaubius v. State, 688 So.2d 913, 916 (Fla.1997). “ ‘Hearsay evidence may not be used to determine the amount of restitution when there is a proper objection by the defense to such evidence.’ ” McKown v. State, 46 So.3d 174, 175 (Fla. 4th DCA 2010) (quoting Bigelow v. State, 997 So.2d 1249, 1250 (Fla. 5th DCA 2009)); see also T.J.N. v. State, 977 So.2d 770, 773-74 (Fla. 2d DCA 2008) (reversing a restitution award, in part, because the state’s witness, an insurance adjustor, “bas[ed] his testimony on an estimate he had received from an auto body shop”; thus, “[n]o competent evidence was presented concerning the amount of the damages”).
Here, the state introduced only hearsay evidence at the restitution hearing as to how the roof was deficient and what it would take to remedy the deficiency; appellant objected to this hearsay. There was, therefore, no competent evidence concerning the amount of damages actually suffered by the victims, as opposed to the amount they paid appellant. We reverse and remand for a new restitution hearing concerning the amount of restitution.
We reject appellant’s argument that restitution was inappropriate because any loss or damage was not “causally connected” to the offense of contracting without a license. Restitution is authorized for “[djamage or loss caused directly or indirectly by the defendant’s offense” and for “[djamage or loss related to the defendant’s criminal episode.” § 775.089(l)(a)1.2., Fla. Stat. (2005). One purpose of the statute criminalizing unlicensed contracting is to ensure that certain contractors meet minimum levels of competence.[2] Deficient workmanship on the contracted job is “related” to the offense of contracting without a license.

Reversed.

MAY, C.J., and WARNER, J., concur.

. See § 489.127(l)(f), (2)(a), Fla. Stat. (2005).

. See §§ 489.101, 489.105(8), 489.105(10), 489.113(1), Fla. Stat. (2011); Alles v. Dep't of Prof'l Reg., Constr. Indus. Lic. Bd., 423 So.2d 624, 627 (Fla. 5th DCA 1982).