EMAS, J.
Dexter Davis was charged with four felonies. The case proceeded to trial, and the jury found Davis guilty as charged of attempted first-degree murder, burglary and two counts of child abuse.[1] Davis’ criminal punishment code scoresheet reflected 383.325 months (31.94 years) as a minimum prison sentence, and life imprisonment as the maximum sentence. At sentencing, and over the State’s objection, the trial court imposed a downward departure sentence on Davis.
The State appeals the downward departure sentence. Davis cross-appeals the judgments of conviction. We affirm without further discussion the judgments of conviction for the four felony counts. For the reasons that follow, however, we reverse the sentences imposed and remand for a new sentencing proceeding.
The relevant facts are as follows:
Following the return of the verdict, Davis was mistakenly released from jail on October 17, 2011. Upon being released, Davis went to a nearby hospital and sought treatment for mental illness. Davis was returned to custody three days later, and the court appointed two doctors to evaluate Davis and determine his competency to proceed. Each doctor submitted a written report, one finding Davis competent and the other finding Davis incompetent. The court appointed a third doctor, who evaluated Davis and submitted a report finding Davis incompetent. At a subsequent hearing, the State and defense stipulated to the three doctors’ reports,[2] *1103 and the court found Davis was incompetent to proceed and met the criteria for commitment. See Fla. R. Crim. P. 8.212(c).[3] The court committed Davis to the Department of Children and Families for treatment to restore his competency.
Thereafter, on April 17, 2012, the Department of Children and Families reported to the court that Davis had been restored to competency, but the report strongly emphasized that “maintenance of [Davis’] psychiatric stability and competence was dependent on his remaining compliant with the current medication regimen.”
On April 27, 2012, the court reappointed two of the three doctors to examine Davis. Both doctors submitted written reports finding Davis competent to proceed. The State and defense again stipulated to the written reports, and the court found Davis competent to proceed to sentencing.
The court held a sentencing hearing on July 6, 2012. At that time, the defense requested[4] that the court depart below the minimum guidelines sentence of 31.94 years by imposing a lengthy term of imprisonment followed by a lengthy term of probation. The defense argued that the statutory basis for the downward departure was section 921.0026(2)(d), Florida Statutes (2009), which provides that a downward departure may be granted if “[t]he defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction or for a physical disability, and the defendant is amenable to treatment.” The defense relied on the reports prepared by the doctors who performed the competency evaluations of Davis.
The State, however, objected to the reports as hearsay and objected to the use of these reports at sentencing. Although the State had previously stipulated to the admission and use of these reports, that stipulation was for the limited purpose of determining Davis’ competency to proceed. The State argued that it had not stipulated to the use of the reports for any other purpose and that the information contained in the reports was hearsay and inadmissible for sentencing purposes. The State suggested that if the defense sought to rely upon the information and opinions contained in these reports to support a downward departure, the doctors should be brought to court where they could testify and be subject to cross examination on this issue. Finally, the State argued the conclusions contained in the reports were “suspect” as they addressed manifestations of mental illness which arose only after Davis was found guilty.
*1104 Defense counsel argued the doctors’ reports established Davis’ need for specialized treatment — specifically, residential treatment following a lengthy term of imprisonment. Defense counsel offered to subpoena the doctors to testify at the sentencing hearing, but the trial court rejected this offer, noting that courts frequently rely on such doctors’ reports and the State had previously stipulated to their admission.
The court found the defense established that Davis needed specialized treatment for his mental health conditions and was amenable to such treatment. The court departed downward from the minimum sentence of 81.94 years imprisonment and imposed the following sentences:
• Attempted first-degree murder (Count One): 25 years’ imprisonment to be followed by 10 years’ probation with a special condition of mental health evaluation and appropriate treatment as necessary;
• Burglary (Count Two): 25 years’ imprisonment to be followed by 10 years’ probation with a special condition of mental health evaluation and appropriate treatment as necessary, sentence to run concurrent with Count One;
• Child Abuse (Count Three): Five years’ imprisonment, sentence to run concurrent with the sentences in Counts One and Two;
• Child Abuse (Count Four): Five years’ imprisonment, sentence to run concurrent with the sentences in Counts One, Two and Three.

ANALYSIS:

To determine the appropriateness of a downward departure, a two-step process must be followed:
First, the trial court must determine whether there is a valid legal ground for a downward departure and whether there is adequate factual support for the ground for departure. Second, if there is a valid basis for the trial court to permissibly depart, it must determine whether departure is the best sentencing option for the defendant in the pending case. In other words, the first prong is whether the trial court can legally depart and the second prong is whether the trial court should depart. The trial court’s determination regarding the first prong is a mixed question of law and fact, which will be sustained on review if the trial court applied the correct rule of law and there is competent substantial evidence to support the ruling; whereas the second prong involves a judgment call within the sound discretion of the trial court, which will be sustained on appellate review absent an abuse of discretion.
State v. Salgado, 948 So.2d 12, 15 (Fla. 3d DCA 2006).
Section 921.002(l)(f), Florida Statutes (2009) provides:
Departures below the lowest permissible sentence established by the code must be articulated in writing by the trial court judge and made only when circumstances or factors reasonably justify the mitigation of the sentence. The level of proof necessary to establish the facts that support a departure from the lowest permissible sentence is a preponderance of the evidence.
Section 921.0026(2)(d) further provides that mitigating circumstances include those in which “[t]he defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction or for a physical disability, and the defendant is amenable to treatment.”
Here, the State contends that the court improperly relied upon inadmissible hearsay — the doctors’ reports — as the ba *1105 sis to depart downward from the minimum guidelines sentence. The defense contends, however, that the doctor’s reports were not inadmissible hearsay because they had been stipulated to by the State on a prior occasion. We need not reach the more general issue of the extent to which hearsay[5] may be admissible at a sentencing proceeding, though we do acknowledge the law in this area is not altogether clear.[6] *1106 The precise issue in this case, however, is governed by the express language of Florida Rule of Criminal Procedure 3.211, which provides in pertinent part:

Rule 3.211. Competence to Proceed: Scope of Examination and Report

[[Image here]]
(d) Limited Use of Competency Evidence.
(1) The information contained in any motion by the defendant for determination of competency to proceed or in any report of experts filed, under this rule insofar as the report relates solely to the issues of competency to proceed and commitment, and any information elicited during a hearing on competency to proceed or commitment held pursuant to this rule, shall be used only in determining the mental competency to proceed or the commitment or other treatment of the defendant.
(2) The defendant waives this provision by using the report, or portions thereof, in any proceeding for any other purpose, in which case disclosure and use of the report, or any portion thereof, shall be governed by applicable rules of evidence and rules of criminal procedure. If a part of the report is used by the defendant, the state may request the production of any other portion of that report that, in fairness, ought to be considered.
(Emphasis added).
The rule makes clear that the doctors’ reports, and the information contained therein, “shall be used only in determining the mental competency to proceed or the commitment or other treatment of the defendant.” By its terms, the rule does not permit the use of such a report for any other purpose. Therefore, the trial court erred in its determination that, by having previously stipulated to the contents of these reports for purposes of a competency determination, the State was precluded from objecting to the admission of these reports in support of a downward departure. Although the State did not specifically cite to this portion of the rule, it did properly preserve its objection and noted correctly that its prior “stipulation” was limited to the use of these reports for competency purposes only, and was not a stipulation to their admissibility for any and all purposes.
The defense counters that this rule was created for the benefit of the defendant and that, pursuant to rule 3.211(d)(2), the defendant can (and in this case, did) waive this restriction by seeking admission of the reports in support of a downward departure. While it is true that subdivision (d)(2) does permit the defendant to waive application of the rule by using the report for another purpose, that same subdivision provides that upon such waiver, the “use of the report ... shall be governed by applicable rules of evidence and rules of criminal procedure.” There is no rule of evidence or rule of criminal procedure which permits the admission of these competency reports at sentencing over the hearsay objection of the State.
*1107 Given the hearsay nature of this evidence, the clear and unambiguous language of rule 3.211(d), and the absence of any rule of evidence or rule of criminal procedure permitting admission of these reports at sentencing[7], the State’s prior stipulation to the use of these reports for competency purposes did not serve as a basis for the trial court, over the State’s objection, to admit or rely upon these reports as a basis for a downward departure sentence.[8]
Because the trial court imposed a downward departure sentence based upon the erroneous admission of these reports, we vacate all four felony sentences and remand for a new sentencing proceeding, at which time the defense may again seek a downward departure sentence.[9] Jackson v. State, 64 So.3d 90 (Fla.2011).
Convictions affirmed. Sentences vacated and cause remanded for a new sentencing proceeding.

. Prior to trial, Davis pled guilty to a misdemeanor charge (violation of condition of pretrial release) and was sentenced to 364 days in the county jail on this count.

. In light of the stipulation by the parties, no evidentiary hearing was required and the court was permitted to determine the issue of competency based on the submitted reports. Fowler v. State, 255 So.2d 513 (Fla.1971); Lopez v. State, 405 So.2d 484 (Fla. 3d DCA 1981); Jones v. State, 125 So.3d 982 (Fla. 4th DCA 2013). By stipulating to the contents of the reports, the parties agreed that these three doctors, if called to testify at an evidentiary *1103 hearing, would testify consistently with the contents of their respective reports.

. Rule 3.212(c)(3) provides the criteria which must be met before a defendant may be committed for treatment for restoration of competency:
3) A defendant may be committed for treatment to restore a defendant’s competence to proceed if the court finds that:
(A) the defendant meets the criteria for commitment as set forth by statute [section 394.467, Florida Statutes];
(B) there is a substantial probability that the mental illness or mental retardation causing the defendant's incompetence will respond to treatment and that the defendant will regain competency to proceed in the reasonably foreseeable future;
(C) treatment appropriate for restoration of the defendant’s competence to proceed is available; and
(D) no appropriate treatment alternative less restrictive than that involving commitment is available.

. The record before us contains no written motion for downward departure. Thus, it appears the State was unaware of Davis’ intention to seek a downward departure sentence until the actual day of sentencing.

. By "hearsay” we mean hearsay that is not otherwise admissible as a hearsay exception under sections 90.803, 90.804 and 90.902, Florida Statutes (2012), or another statutory provision. See § 90.802, Fla. Stat. (2012) ("Except as provided by statute, hearsay evidence is inadmissible.”).

. Although federal law explicitly provides that the federal rules of evidence do not apply at sentencing proceedings, see Fed.R.Evid. 1101(d)(3); U.S. v. Paisley, 178 Fed.Appx. 955 (11th Cir.2006), the Florida Evidence Code contains no such parallel provision. Florida Rule of Criminal Procedure 3.720(b) provides that, at sentencing, “[t]he court shall entertain submissions and evidence by the parties that are relevant to the sentence.” The rule does not define the term "submissions” and neither expressly permits nor prohibits the admission of hearsay evidence. Cf. § 921.141(1), Fla. Stat. (2012) (providing that in a capital sentencing proceeding “[a]ny such evidence which the court deems to have probative value may be received, regardless of its admissibility under the exclusionary rules of evidence, provided the defendant is accorded a fair opportunity to rebut any hearsay statements.”) See also, Perri v. State, 441 So.2d 606 (Fla.1983).
Some of the decisions regarding the admissibility of hearsay evidence at sentencing also appear to depend on the nature of the proceeding or the particular issue sought to be established at sentencing. For example, cases have uniformly held hearsay is admissible at a probation revocation hearing, which has been described as a "deferred sentencing proceeding.” Peters v. State, 984 So.2d 1227, 1230 (Fla.2008) (citing Green v. State, 463 So.2d 1139, 1140 (Fla.1985)). However, hearsay evidence may not form the sole basis for a revocation; non-hearsay evidence must also be presented to support a finding of a violation of probation. See Russell v. State, 982 So.2d 642 (Fla.2008); Thompson v. State, 994 So.2d 468 (Fla. 3d DCA 2008).
As another example, at least one court has applied a relaxed evidentiary standard in restitution hearings, holding that hearsay is admissible in such hearings provided the hearsay evidence bears “some minimal indicia of reliability.” Box v. State, 993 So.2d 135 (Fla. 5th DCA 2008). But see, Smith v. State, 941 So.2d 479 (Fla. 3d DCA 2006) (restitution amount could not be based solely upon hearsay evidence to which defendant objected); Bianchini v. State, 77 So.3d 247 (Fla. 4th DCA 2012) (hearsay not admissible in a restitution hearing when there is a proper objection to its admission); T.J.N. v. State, 977 So.2d 770 (Fla. 2d DCA 2008) (same). Restitution is a criminal sanction and considered a part of the sentence, and a restitution order must be imposed at the time of the sentence or within 60 days thereafter. State v. Sanderson, 625 So.2d 471 (Fla.1993); § 775.089, Fla. Stat. (2012) (providing generally that "[i]n addition to any punishment, the court shall order the defendant to make restitution to the victim ...” unless the court finds clear and compelling reasons not to do so).
As a final example, hearsay evidence offered at non-capital sentencing to establish that a defendant qualified for enhancement as a habitual felony offender or prison releasee reoffender was held inadmissible absent a showing that it met a hearsay exception under the Evidence Code. In King v. State, 590 So.2d 1032 (Fla. 1st DCA 1991), the First District held it was error to admit, over objection, the contents of a Department of Corrections printout (to prove the defendant qualified as a habitual felony offender) because the State failed to establish the document met the business records exception under section 90.803(6). In Yisrael v. State, 993 So.2d 952 (Fla.2008), the Florida Supreme Court held that a Department of Corrections "Crime and Time Report” was admissible, as against a hearsay objection, because the State established the report qualified under the public records exception to the hearsay rule, see section 90.803(8), and was a self-authenticating document signed and under seal. See § 90.902(1), Fla. Stat. The Court determined, however, that a release-date letter prepared by the Department of Corrections was hearsay and was improperly admitted at sentencing where it did not qualify as a business record under section 90.803(6).
*1106 The Florida Supreme Court held in Eutsey v. State, 383 So.2d 219, 225 (Fla.1980) that where a defendant disputes the truth of hearsay statements contained in a presentence report (and those hearsay statements are material to the court’s required findings for an enhanced sentence), the State must produce evidence to corroborate those hearsay statements. In Baker v. State, 997 So.2d 1182 (Fla. 3d DCA 2008), this Court, relying upon Eutsey, held that where a defendant at sentencing disputes the existence of prior convictions which are attributed to him based only on a hearsay document, the State must provide corroborating, non-hearsay evidence to establish the defendant's prior convictions.

. We note, however, that rule 3.713(c) ("Pre-sentence Investigation Disclosure: Parties”) provides:
On motion of the defendant or the prosecutor or on its own motion, the sentencing court may order the defendant to submit to a mental or physical examination that would be relevant to the sentencing decision. Copies of the examination or any other examination to be considered for the purpose of sentencing shall be disclosed to counsel for the parties subject to the limitation of rule 3.713(b).
A trial court therefore can, pursuant to rule 3.713(c), order a defendant to submit to a mental examination specifically for consideration at sentencing. However, if the trial court intends to rely upon the examining doctor's written report in making statutory findings to support a downward departure, and the State objects to hearsay contained within that report, it would appear that Eutsey v. State, 383 So.2d 219 (Fla.1980) and Baker v. State, 997 So.2d 1182 (Fla. 3d DCA 2008) (discussed supra at n. 6) would require the defendant to provide corroborating, non-hearsay evidence.

. The defense offered to subpoena the doctors to testify at the sentencing hearing in support of the downward departure request, but the trial court deemed this unnecessary. Had such a procedure been followed, the State would have had the opportunity to question the doctors concerning the contents of their reports, including the source and accuracy of the information they relied upon in forming their opinions as they pertain to Davis’ need for "specialized treatment for a mental disorder that is unrelated to substance abuse[J” § 921.0026(2)(d), Fla. Stat. The State asserts that its interest in contesting such an issue for competency purposes was far different than its interest in contesting such an issue for downward departure purposes. We agree, and note this is especially true to the extent the doctors relied for their opinions upon the defendant’s own statements regarding his medical history, psychiatric history and history of drug abuse.

. We recognize that the sentences imposed on counts three and four do not constitute downward departure sentences, as the court imposed the maximum sentence in each. However, because we are reversing the remaining two sentences, we wish to give the trial court the discretion to fashion a proper and lawful sentence as a whole, including counts three and four. At the new sentencing proceeding, the trial court is free to impose the same sentences it previously imposed on counts three and four.