381 So.2d 1178 (1980)
C.L.B., a Child, Petitioner,
v.
Carlton L. JONES, Superintendent, Duval Regional Juvenile Detention Center, Respondent.
No. SS-409.
District Court of Appeal of Florida, First District.
March 18, 1980.
*1179 Louis O. Frost, Jr., Public Defender, and Claudia T. Wright, Asst. Public Defender, for petitioner.
Robert M. Eisenberg, Jacksonville, for respondent.
McCORD, Judge.
This is a Petition for Habeas Corpus brought against the Duval Regional Juvenile Detention Center, alleging that (1) petitioner was not afforded a detention hearing within 48 hours as required by §§ 39.032 and 959.15, Fla. Stat.; and (2) no evidence was presented at her untimely detention hearing, as required by § 39.032(2)(a-e) and Florida Rule of Juvenile Procedure 8.050, to meet the criteria for detention. In response to the petition, Carlton Jones, Superintendent of the Duval Regional Juvenile Detention Center, District IV, State of Florida Department of Health and Rehabilitative Services (Department) has pointed out that subsequent to the events giving rise to this appeal, petitioner has been transferred, by court order, to a permanent detention center, the Florida School for Girls. The Department argues that since petitioner is no longer being held in the Duval Regional Juvenile Detention Center, the questions presented by the above two allegations are moot. Although we agree that the issues raised are moot at this time, we find them to be of sufficient importance to merit a ruling upon the merits in relation to the procedures followed below. The issues involve the fundamental right to liberty and are subject to repetition, not only as to numerous other children who have been and will be incarcerated in similar circumstances, but also as to petitioner herself since she remains in the status of a child committed to the Department under Chapter 39, Fla. Stat. These issues involve the duties and authority of public officials in the administration of the law, yet they consistently evade review, because of the relatively short periods of incarceration prior to the disposition of juvenile cases. For these reasons we will review the merits of this petition. Compare Walker v. Pendarvis, 132 So.2d 186 (Fla. 1961), and Ervin v. Capital Weekly Post, 97 So.2d 464 (Fla. 1957).
On June 27, 1979, petitioner was committed to the Department for a criminal offense to which she entered a plea. The Department did not hold her in detention but did require her to comply with a Commitment Supervision Agreement. On November 19, 1979, petitioner was detained by the Department for having violated her Commitment Agreement by having been suspended from school twice for causing a disturbance and defying authority. § 959.15(1), Fla. Stat. (1979), provides the circumstances under which a delinquent child committed to the Department may be taken into custody and held in detention. That statute states as follows:
"(1) If an authorized agent of the department has reasonable ground to believe that any delinquent child committed to the department has committed an act for which he could be adjudicated delinquent, violated his furlough agreement in a material respect, or escaped from a facility of the department, such agent may take such person into his active custody. The superintendent, warden, or jailer of any facility, state, county, or municipal, is authorized to take such child into custody *1180 for the purpose of assuring that the child is delivered to the appropriate intake office, or appropriate facility of the department. However, no child shall be held in detention longer than 48 hours, excluding Sundays and legal holidays, unless a special order so directing is made by the judge after a detention hearing finding that detention is required based on the criteria in s. 39.032(2). The order shall state the reasons for such finding. The reasons shall be reviewable by appeal or in habeas corpus proceedings in the district court of appeal."
See also § 39.032.
Petitioner was detained for seven days before a hearing was held. At that hearing, the Department sought to have petitioner detained for several more days until a hearing could be held to determine whether she should be transferred to a permanent detention center. The Department points out that petitioner was held for seven days pursuant to an administrative order entered on June 6, 1979, by the Chief Judge of the Circuit Court of Duval County. That order provides that when a juvenile who has been committed to the Department is subsequently charged with violation of an after-care agreement, the Department may detain the juvenile for up to seven days before holding a detention hearing. While the reasons set forth in the administrative order for its adoption illustrate legitimate problems resulting from compliance with § 959.15, the order is in conflict with the provisions of that statute. In keeping with § 959.15(1), a detention hearing should have been held on petitioner's behalf within 48 hours, excluding Sundays and holidays, of the time she was placed in detention for violation of her Agreement.
After the detention hearing, the trial court granted the Department's request for permission to detain petitioner until the transfer hearing could be held. The trial court stated, as its basis for ordering the continued detention, only the following finding:
"Said child would in all probability commit an offense that would endanger herself or the community prior to Court appearance."
The court erred in failing to state the reasons behind that finding as required by § 959.15(1).
The above statutes should be complied with by the juvenile authorities and the trial courts.
We must deny the petition for habeas corpus, however, because the child is now presumably legally detained (no issue being raised as to the legality of her present commitment) and is no longer detained by the respondent in these proceedings. The order to show cause is discharged and the writ is denied.
ROBERT P. SMITH, Jr. and SHIVERS, JJ., concur.