PER CURIAM.
This is an appeal from a judgment of conviction and sentence for the offense of burglary of a conveyance, a third degree felony carrying a maximum statutory penalty of five years. The recommended guidelines sentence range was seven to nine years in prison. The trial court invoked the habitual offender statute and sentenced appellant to eight years in prison.
Appellant contends that the trial court erred in computing his sentence by relying upon hearsay to determine the number of past convictions. We have carefully considered these contentions and find them to be without merit. There was no contention or dispute regarding the veracity of the alleged convictions (seven of which were corroborated by certified copies thereof). The cases hold that absent an attack on the truth of the statements or documents relied upon, corroboration is not required. Eutsey v. State, 383 So.2d 219 (Fla.1980); Vandeneynden v. State, 478 So.2d 429 (Fla. 5th DCA 1985).
Appellant also objects to the use of the habitual offender statute to enhance his sentence, relying upon Whitehead v. State, 498 So.2d 863 (Fla.1986). We have, however, rejected his contention that Whitehead held the habitual offender statute no longer viable in our recent decision in King v. State, 511 So.2d 1131 (Fla. 4th DCA 1987).
Having found no demonstration of reversible error, we affirm the judgment and sentence appealed from.
DOWNEY, ANSTEAD and DELL, JJ., concur.
ON MOTION TO CERTIFY
ORDERED that Appellant’s October 15, 1987 motion to certify question of great public importance is granted. The following question is certified to the Supreme Court of Florida:
IS THE HABITUAL OFFENDER STATUTE STILL AN EFFECTIVE BASIS ON WHICH TO EXCEED THE STATUTORY MAXIMUM AS LONG AS THE SENTENCE IMPOSED DOES NOT EXCEED THE GUIDELINES RECOMMENDATION?