DOWNEY, Judge.
Appellant, Edward Savory, was convicted of second-degree murder in June, 1989. Based upon his scoresheet, the recommended range is a sentence from 12 to 17 years. The permitted range is 7 to 22 years. The trial court sentenced him to 25 years, but failed to furnish written departure grounds. In addition, the trial court imposed restitution to the victim's family in an amount to be determined at a later date and reserved jurisdiction therefor.
Savory appealed, presenting six points, none of which had merit except one pertaining to the sentence imposed by the trial court. This court reversed for failure to set forth written grounds. 576 So.2d 389. After remand, appellant was sentenced within the permissive range to 22 years. The court also adjudicated the amount of restitution to be paid at $50,817.
Savory has perfected this appeal based upon two points: 1) it was error to sentence him in excess of the recommended range of 12 to 17 years, and 2) the court erred in ordering restitution two years after the initial sentence.
The thrust of appellant’s argument in support of Point I is that a sentence within the permissive range is not appropriate in this case because the crime predated the sentencing guidelines authorizing a permissive range. Unfortunately for Savory, his contention is invalid because Savory committed the instant crime in September, 1988, and the amended rule became effective July 1, 1988. Furthermore, Savory’s reliance upon Pope v. State, 561 So.2d 554 (Fla.1990), is also unavailing because it pertains to departure sentences. The subject sentence is not a departure sentence.
Savory’s next argument suggests that the original sentencing in his case did not include the imposition of restitution and that to impose restitution two years “after the fact” is impermissible. Once again, the facts are wrong. The original sentence did impose restitution and the court reserved jurisdiction to determine the amount at a later date. This is permissible. Hatcher v. State, 591 So.2d 1134 (Fla. 4th DCA 1992); In the Interest of B.M., 580 So.2d 896 (Fla. 4th DCA 1991); Weckerle v. State, 579 So.2d 742 (Fla. 4th DCA 1991); McCaskill v. State, 520 So.2d 664 (Fla. 1st DCA 1988). Savory’s reliance on Jones v. State, 590 So.2d 1061 (Fla. 4th DCA 1991), and Abt v. State, 581 So.2d 1001 (Fla. 4th DCA 1991), is misplaced because in those cases the original sentencing order did not impose restitution. It was attempted on remand, which is prohibited.
We have considered appellant’s other contentions and find them, too, without merit.
Accordingly, we affirm the order appealed from.
GARRETT, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.