PER CURIAM.
Carla Gladfelter appeals an Order of Modification of Probation entered approximately fifteen months after the entry of the original sentence. On August 23, 1990, Ms. Gladfelter was sentenced to three years imprisonment to be followed by two years probation for DUI causing serious bodily injury. The special conditions of the probation order included restitution to the victim in an amount “to be determined.” The modification order entered November 13, 1991, provided, inter alia, that appellant pay restitution in the total amount of $5896.71. We affirm the Order of Modification, except as noted below.
Appellant first contends it was error for the trial court to modify the August 23, 1990, sentence by setting the amount of restitution more than sixty days after the sentence was imposed. Fla.R.Crim.P. 3.800(b). We have repeatedly held, however, that as long as the requirement to pay restitution is included in the sentence, setting the actual amount of restitution, even beyond sixty days from the sentence, is permissible. Savory v. State, 600 So.2d 1 (Fla. 4th DCA 1992), approved in part, corrected on other grounds Savory v. State, 600 So.2d 1 (Fla. 4th DCA 1992); In the Interest of B.M., 580 So.2d 896 (Fla. 4th DCA 1991); Stanley v. State, 580 So.2d 349 (Fla. 4th DCA 1991). We affirm as to this point, and to the extent we are in conflict with State v. Martin, 577 So.2d 689 (Fla. 1st DCA), rev. denied, State v. Martin, 587 So.2d 1329 (Fla.1991), we note such conflict.
Appellant’s second point is that the Order of Modification is erroneous in providing a term of probation of three years, when the original sentence provided for a two-year term of probation. Appel-lee/state agrees this was a scrivener’s error, and we therefore reverse and remand for correction of this portion of the Order of Modification.
AFFIRMED IN PART AND REVERSED IN PART.
HERSEY, STONE and POLEN, JJ., concur.