PER CURIAM.
We affirm appellant’s conviction for attempted first degree murder and robbery with a firearm.
As to the challenges to two jurors, we find no abuse of discretion by the trial court. Durocher v. State, 596 So.2d 997 (Fla.1992). Nor was the procedure utilized for exercising jury challenges reversible, even though it is not the preferable way of selecting a jury. Appellant’s claim that the court erred in failing to grant a mistrial after a police officer testified that he obtained a picture of appellant from a police file also is not reversible error. See Moore v. State, 418 So.2d 435 (Fla. 3d DCA 1982). As to the jury note issue, we affirm based on Hildwin v. State, 531 So.2d 124 (Fla.1988), and counsel’s acquiescence to the procedure used. Finally, any error in the state’s closing argument was harmless. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
On sentencing appellant claims that the trial court erred in considering an affidavit regarding appellant’s criminal history signed by the Bureau Chief of Admissions and Release Authority of the Department of Corrections. We find no reversible error, see Adams v. State, 521 So.2d 337 (Fla. 4th DCA 1988), and in any event, it would have been harmless as appellant has nowhere attacked the truthfulness of the affidavit. See generally Lewis v. State, 514 So.2d 389 (Fla. 4th DCA), dismissed, 518 So.2d 1276 (Fla.1987).
We concur, however, that the court erred in sentencing appellant as a habitual violent felony offender on the charge of attempted first degree murder, which the state conceded. One convicted of a life felony is not subject to enhanced punishment as a habitual offender. See Lamont v. State, 610 So.2d 435 (Fla.1992). We remand to the trial court to delete appellant’s habitual offender classification from count two, the life felony. See Newton v. State, 603 So.2d 558 (Fla. 4th DCA 1992). In addition, the trial court on remand should vacate that part of its sentencing order which provides for the consecutive stacking of mandatory minimum sentences. See Daniels v. State, 595 So.2d 952 (Fla.1992). We find no error in the imposition of restitution.
Affirmed in part; reversed in part and remanded with directions.
GLICKSTEIN, WARNER and POLEN, JJ., concur.