829 So.2d 946 (2002)
Kathleen FORD, Petitioner,
v.
STATE of Florida, Alvara Valdez, Barry Marshall and Anita Marshall, Respondents.
No. 4D01-4165.
District Court of Appeal of Florida, Fourth District.
October 30, 2002.
Bruce Rogow and Beverly A. Pohl of Bruce S. Rogow, P.A., Fort Lauderdale, and Jacqueline S. Miller of Chopin & Miller, West Palm Beach, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Frank J. Ingrassia, Assistant Attorney General, Fort Lauderdale, for respondent State of Florida.
*947 Nathan D. Clark of Coral Reef Law Offices, P.A., Miami, for respondent Barry Marshall.

CORRECTED OPINION
KLEIN, J.
The opinion issued in this case on July 31, 2002 is withdrawn, and the following opinion is substituted in its place.
Petitioner, Kathleen Ford, was one of a number of victims of jewelry thefts for which Alvara Valdez, Barry Marshall and Anita Marshall (Barry's wife) were charged. She seeks certiorari relief because she, as a victim, received insufficient notice of the hearing in which the court accepted guilty pleas from two of the defendants and dismissed the charges as to the third. We grant the petition to a limited extent.
Petitioner and the other victims were seeking restitution in amounts ranging from $63 to petitioner's loss of $3.4 million. Five business days prior to the plea and sentencing hearing, the state mailed a letter to petitioner and the other victims notifying them of the hearing. Four days after the motion was mailed, petitioner filed a motion objecting to the short notice; however, the trial court went ahead with the hearing in which it accepted negotiated pleas from two of the defendants which included dismissal of the charges against Anita Marshall and ten year sentences for the defendants. The victims then moved to declare the plea conference null and void because of insufficient notice, which was denied.
Petitioner relies on Article I, Section 16(b) of the Florida Constitution which provides:
Victims of crime or their lawful representatives, including the next of kin of homicide victims, are entitled to the right to be informed, to be present, and to be heard when relevant, at all crucial stages of criminal proceedings, to the extent that these rights do not interfere with the constitutional rights of the accused.
Chapter 960, Florida Statutes, implements this constitutional mandate. Section 960.001, Florida Statutes, requires state agencies to develop guidelines to achieve objectives, including:
(1)(e) Advance notification to victim or relative of victim concerning judicial proceedings; right to be present.
Any victim ... shall receive from the appropriate agency ... prompt advance notification, unless the agency itself does not have advance notification of judicial and postjudicial proceedings relating to his or her case, including all proceedings or hearings relating to:
* * *
(3) Proceedings ... including disposition of the accusatory instrument ... or adjudicatory hearing, sentencing or disposition hearing.
* * *
(j) Notification of right to request restitution. ___Law enforcement agencies and the state attorney shall inform the victim of the victim's right to request and receive restitution pursuant to s. 775.089 or s. 985.231(1)(a)1., and of the victim's rights of enforcement under ss. 775.089(6) and 985.201 in the event an offender does not comply with a restitution order. The state attorney shall seek the assistance of the victim in the documentation of the victim's losses for the purpose of requesting and receiving restitution. In addition, the state attorney shall inform the victim if and when restitution is ordered.
Petitioner's specific complaints are: (1) that the restitution is to be distributed to the victims in equal amounts rather than in amounts proportionate to the losses, and *948 (2) that the charges were dropped against Anita Marshall. Petitioner acknowledges that granting relief as to the latter is problematic.
The state concedes that petitioner's rights as a victim have been denied as to restitution, because distributing equally to the victims will not only shortchange petitioner, but will result in a windfall to victims with small losses. Nor do the Marshalls or Valdez oppose redistribution. The state does object, however, to vacating the pleas, arguing that it would violate double jeopardy, citing Pettis v. State, 803 So.2d 903 (Fla. 1st DCA 2002) (jeopardy attaches when a plea is accepted and can only be set aside over defense objection for legal cause). See also Troupe v. Rowe, 283 So.2d 857 (Fla.1973)(double jeopardy prohibited a sentence which had already been imposed from being increased).[1]
Our standard of review on this petition for certiorari is whether petitioner has demonstrated a departure from the essential requirements of law for which there will be no adequate remedy on appeal. Bared & Co., Inc. v. McGuire, 670 So.2d 153 (Fla. 4th DCA 1996). Considering that the state concedes that the petitioner's rights as a victim have been denied as to restitution, and that this is a violation of a constitutional right for which there is no appellate remedy, we agree that the petitioner has demonstrated certiorari jurisdiction, but only as to restitution. We deny all other relief sought by petitioner because, although we are sensitive to this victim's rights, those rights must "not interfere with the constitutional rights of the accused." Art. I, § 16(b), Fla. Const. We therefore grant the petition only as to the restitution order and remand for a hearing with notice to the victims.
FARMER and TAYLOR, JJ., concur.
NOTES
[1] Double jeopardy does not prohibit the trial court from correcting a scrivener's error and increasing a sentence. Ashley v. State, 27 Fla. L. Weekly S665 (Fla. July 11, 2002). In United States v. DiFrancesco, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), the Supreme Court held that a federal statute allowing the government to appeal a sentence on the ground that it is too lenient does not violate federal double jeopardy. The Court noted that a sentence is not accorded the same finality, under federal double jeopardy principles, as an acquittal.