881 So.2d 1209 (2004)
S.K. and S.K., Parents of R.K. Minor Victim, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-1599.
District Court of Appeal of Florida, Fifth District.
September 17, 2004.
Gregory W. Eisenmenger of Eisenmenger, Berry & Peters, P.A., and Scott L. Knox, Melbourne, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, for Appellee.
*1210 PALMER, J.
S.K. and S.K., parents of R.K., appeal the trial court's order denying their motion to set aside a "PAY agreement"[1] entered into between the State and the juvenile offender who was charged with committing a lewd and lascivious molestation on R.K., and their motion to extend the terms of the protective order entered against the juvenile offender. Concluding that R.K.'s parents lack standing to seek to set aside the PAY agreement or to modify the terms of the juvenile offender's release, we affirm.
A probable cause affidavit was filed by the State indicating that N.S., a minor, committed a lewd and lascivious molestation upon R.K., the minor child of S.K. and S.K. A petition for delinquency was initially filed charging N.S. with committing a felony; however, an amended petition was later filed changing the offense to a misdemeanor battery pursuant to a plea agreement worked out between N.S. and the State.
When the matter proceeded before the trial court, R.K.'s parents received permission to address the trial court concerning the proposed plea agreement. The parents noted that the state attorney had consulted with them about the plea agreement but that the State entered into the plea agreement with N.S. without requiring the condition requested by the parents; to wit, that N.S. be prohibited from attending the same school as R.K. The State asked the court to accept the terms of the plea that had been negotiated, with the school issue to be determined by the court. The court accepted the plea but delayed sentencing. The court also prohibited N.S. from having any contact with R.K. or her immediate family.
At a subsequent hearing, over defense counsel's objection, the trial court entered a temporary order requiring the immediate transfer of N.S. to another school, but continued the case to see whether an amenable solution could be worked out.
Subsequent to that hearing, the State and N.S. entered into a PAY agreement. The agreement required N.S. to complete a psychological evaluation and to begin any recommended treatment. N.S. was also prohibited from having any contact with the victim or her family, and from being on the campus of the school attended by the victim. The agreement was to stay in effect until the end of the current school year. In exchange, the State agreed to either nolle prosse or dismiss the battery petition upon N.S.'s successful completion of the PAY agreement.
R.K.'s parents filed a motion requesting the trial court to set aside the PAY agreement, claiming that mandatory counseling should have been required and that the terms of the agreement violated section 948.08(2), of the Florida Statutes[2] since *1211 the agreement constituted a pretrial intervention and diversion agreement but neither R.K. nor her representative gave consent to same. The parents also argued that the trial court's failure to conduct a hearing on the issue of whether the PAY agreement should be accepted violated Article I, section 16(b) of the Florida Constitution[3], section 960.001(1)(a)5 of the Florida Statutes[4], and rule 8.075(b)(3) of the Florida Rules of Juvenile Procedure.[5]
The State and N.S. responded by filing a stipulation and joint motion requesting that the trial court deny the parent's "nonparty motion" and to cancel a hearing scheduled by the parents. The State maintained that the PAY agreement was a pretrial decision vested solely within the state attorney's discretion and, as such, was not subject to judicial review.
Upon review, the trial court entered an order denying the parents' motion to set aside the PAY agreement. Citing to State v. C.C.B., 465 So.2d 1379, 1381 (Fla. 5th DCA 1985), the trial court concluded that it was without authority to direct the State to prosecute the case or to include specific conditions in the PAY agreement because, in juvenile delinquency proceeding as in adult criminal cases, the State makes the final determination whether to place a juvenile in a pre-trial intervention program and what conditions the PAY agreement should include. The court also held that since R.K.'s parents were not parties to the action, they lacked standing to assert a legal claim or to seek enforcement of a legal right through the motion.
R.K.'s parents filed a separate motion seeking entry of an amended protective order. The motion requested the trial court to extend the existing zone of protection from one hundred feet around R.K.'s home to include the road on which her home was located. Defense counsel argued the parents lacked standing to file *1212 this type of motion since it was in essence a motion to modify the conditions of N.S.'s release, which can only be filed by the state attorney's office. The trial court agreed that the parents lacked standing and denied the motion. Because we agree with the trial court's rulings, we affirm.[6]
In juvenile proceedings, the state attorney is authorized to determine the manner of prosecution which is in the best interest of the public and the child. For example, a state attorney can file a petition for dependency or delinquency, or refer a child to a diversionary, pretrial intervention, arbitration or mediation program or to some other treatment or care program if such program commitment is voluntarily accepted by the child or the child's parents or legal guardians. The state attorney can also decline to file any charges at all or to reinstate prosecution. See § 985.21(4)(d), Fla. Stat.(2001). See also State v. Green, 527 So.2d 941, 942 (Fla. 2d DCA 1988). Importantly, the decision to prosecute lies solely with the State, not with the victim of a crime. State v. Wheeler, 745 So.2d 1094, 1095 (Fla. 4th DCA 1999); McArthur v. State, 597 So.2d 406 (Fla. 1st DCA 1992); State v. Bryant, 549 So.2d 1155 (Fla. 3d DCA 1989).
In Cleveland v. State, 417 So.2d 653 (Fla.1982), the Florida Supreme Court explained that since pretrial intervention is an alternative to prosecution, the decision to admit a defendant to pretrial intervention must remain in the prosecutor's discretion not subject to judicial review. In addition, the Cleveland court indicated that the legislature did not provide for any type of judicial review when creating the pretrial intervention program.
Minors are allowed to enter agreements for a pretrial intervention pursuant to rule 8.075 of the Florida Rule of Juvenile Procedure. A.D.W. v. State, 777 So.2d 1101, 1104 (Fla. 2d DCA 2001). However, rule 8.075(b), makes no provisions for the victim or the victim's parents to be involved in the submission of a treatment plan or in the decision to such a hearing and, in fact, a hearing can be waived by the parties and the supervising agency.
In the instant case, R.K.'s parents were informed and were able to give their views to the prosecution regarding the PAY agreement. They complain because there was no hearing held on the PAY agreement and argue they should have been treated as parties and allowed to refuse to consent to a waiver of a hearing. However, the pertinent statute allows for others to waive a hearing in this particular circumstance and makes no mention of the victim or victim's representatives; therefore, no error occurred.
The parents also contend that the instant PAY agreement should have been set aside because the state attorney did not obtain R.K.'s consent as required by section 948.08(2), Florida Statutes. However, *1213 such consent was not required. Section 948.08(1) states that the Department shall supervise pretrial intervention programs for persons charged with a crime, before or after any information has been filed or an indictment has been returned in the circuit court. The trial court was correct in holding that the provision of section 948.08(2) were inapplicable since Chapter 948 only applies to defendants who are charged by information or indictment and the instant delinquency charges were filed by petition, not indictment or information.
Next, R.K.'s parents maintain that the trial court erred by entering an order denying their motion to seek modification, amendment, or entry of a new protective order for lack of standing. This issue relates to the parents' attempt to obtain a "protective order" related to the street where the family resides. They note that the state attorney is authorized to seek a protective order relating to a victim or witness pursuant to section 914.24(2), Florida Statutes, but argue that because the state attorney and N.S. filed a joint motion in opposition to the parents' motion, a conflict of interest exists which precludes the state attorney from filing for a protective order in this case.[7] The parents argue that they should have been permitted to seek the protective order provided for in section 914.24(2) in place of the state attorney. We again disagree. As the State correctly points out, the State could pursue a protective order in this case if it believed that one was necessary. However, the provisions in the PAY agreement were deemed adequate.
AFFIRMED.
SAWAYA, C.J., and ORFINGER, J., concur.
NOTES
[1] "PAY" is an acronym used to refer to prosecution alternatives for youth agreements.
[2] Section 948.08(2) of the Florida Statutes provides:

948.08. Pretrial intervention program
* * *
(2) Any first offender, or any person previously convicted of not more than one nonviolent misdemeanor, who is charged with any misdemeanor or felony of the third degree is eligible for release to the pretrial intervention program on the approval of the administrator of the program and the consent of the victim, the state attorney, and the judge who presided at the initial appearance hearing of the offender. However, the defendant may not be released to the pretrial intervention program unless, after consultation with his or her attorney, he or she has voluntarily agreed to such program and has knowingly and intelligently waived his or her right to a speedy trial for the period of his or her diversion. The defendant or the defendant's immediate family may not personally contact the victim or the victim's immediate family to acquire the victim's consent under this section.
(Emphasis added).
[3] Article I, section 16(b) of the Constitution of the State of Florida provides:

§ 16. Rights of accused and of victims
* * *
(b) Victims of crime or their lawful representatives, including the next of kin of homicide victims, are entitled to the right to be informed, to be present, and to be heard when relevant, at all crucial stages of criminal proceedings, to the extent that these rights do not interfere with the constitutional rights of the accused.
[4] Section 960.001(1)(a)5 of the Florida Statutes provides in relevant part:

960.001. Guidelines for fair treatment of victims and witnesses in the criminal justice and juvenile justice systems
* * *
[1](a) Information concerning services available to victims of adult and juvenile crime. 
* * *
5. The right of a victim, who is not incarcerated, including the victim's parent or guardian if the victim is a minor, the lawful representative of the victim or of the victim's parent or guardian if the victim is a minor, and the next of kin of a homicide victim, to be informed, to be present, and to be heard when relevant, at all crucial stages of a criminal or juvenile proceeding, to the extent that this right does not interfere with constitutional rights of the accused, as provided s. 16(b), Art. I of the State Constitution.
[5] Rule 8.075(b), Florida Rules of Juvenile Procedure deals with plans of proposed treatment, training or conduct for children charged in delinquency cases. Such a plan must be in writing, agreed to, and signed in all cases by the state attorney, the child and, when represented, by the child's counsel. Unless excused by the court, the parents or custodians of that child must also sign. After a hearing, which may be waived by stipulation of the parties and the supervising agency, the court may accept the plan and order compliance therewith or may reject it.
[6] The State maintains that this appeal should be dismissed as moot because a nolle prosse has been entered in this case and therefore review is not appropriate, either by direct appeal or by petition of writ of certiorari. The State is technically correct because if this court were to conclude that error occurred below, there is no case or controversy remaining to remand to the trial court. In that regard, this court could not force the state attorney to reinstate the charges against N.S. because, in addition to a separation of powers problem, to do so would interfere with the constitutional rights of the accused. See Ford v. State, 829 So.2d 946 (Fla. 4th DCA 2002), rev. denied, 845 So.2d 889 (Fla.2003). However, we have decided to address the issues on the merits because this proceeding involves important legal issues which would escape appellate review if the case were deemed to be moot. See R.R. v. Portesy, 629 So.2d 1059 (Fla. 1st DCA 1994); C.L.B., v. Jones, 381 So.2d 1178 (Fla. 1st DCA 1980).
[7] Section 914.24(2) of the Florida Statutes provides:

914.24. Civil action to restrain harassment of a victim or witness
* * *
(2)(a) A circuit court, upon motion of the state attorney, shall issue a protective order prohibiting the harassment of a victim or witness in a criminal case if the court, after a hearing, finds by a preponderance of the evidence that harassment of an identified victim or witness in a criminal case exists or that such order is necessary to prevent and restrain an offense under s.914.23.