DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**GOLDEN VASQUEZ,**
Petitioner

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D14-2276

[November 5, 2014]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin J. Bidwill, Judge; L.T. Case No. 05-3562 CF10A.

Golden Vasquez, Florida City, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Cynthia L. Comras, Assistant Attorney General, West Palm Beach, for respondent.

PER CURIAM.

Golden Vasquez has filed a petition for writ of certiorari which challenges a trial court order that denied her motion seeking a hearing on the amount of restitution. Because the unreasonable and unjustified delay of more than seven years causes irreparable harm, we grant the petition.

In 2006, Vasquez was convicted of first degree grand theft and sentenced to fifteen years in prison. The trial court ordered restitution but reserved jurisdiction to determine the amount at a later date. More than seven and a half years had passed since her sentencing and incarceration had begun, when Vasquez alleged in her motion that the trial court still had not conducted a hearing to determine the amount of restitution. She argued that the amount of restitution should have been determined before or at the time of sentencing as it could have impacted the sentence she received and that the court's failure to have determined the amount of restitution when imposing sentence denied her due process of law. The trial court denied the motion without requiring a response and

without explanation.

Our certiorari standard of review requires us to determine whether Vasquez has demonstrated a departure from the essential requirements of law resulting in material harm that cannot be adequately remedied on appeal. *Cf. Ford v. State*, 829 So. 2d 946 (Fla. 4th DCA 2002) (granting certiorari review and ordering a new restitution hearing where the victim's rights were denied as to restitution); *see generally Bared & Co., Inc. v. McGuire*, 670 So. 2d 153 (Fla. 4th DCA 1996) (setting forth the standard for certiorari review of nonfinal orders).

We do not find persuasive Vasquez's argument that the court was required to determine the amount of restitution before or at sentencing. She cites no authority that requires the court to do so, nor has she shown that the failure to have determined the amount of restitution at the time of sentencing denies her due process. The essence of Vasquez's challenge, however, is to the extreme delay in determining the amount of restitution. We conclude that the delay is unreasonable and that such a lengthy delay threatens Vasquez's opportunity to be meaningfully heard and to dispute the amount of restitution.

In *State v. Sanderson*, 625 So. 2d 471, 473 (Fla. 1993), the Florida Supreme Court held that an order of restitution must be imposed at sentencing or within sixty days thereafter, in accordance with Section 775.089(1)(a), Florida Statutes, and Florida Rule of Criminal Procedure 3.800(b). It added that if restitution is timely ordered, the court can determine the amount of restitution beyond that sixty-day period. However, it also provided: "We assume that a trial court will determine the amount of restitution at the earliest possible date." *Id.* at 473. Florida Rule of Judicial Administration 2.545(a) provides that judges must "conclude litigation as soon as it is reasonably and justly possible to do so." The *Sanderson* court did not authorize and likely never envisioned that a court would delay determination of the amount of restitution indefinitely.

At this point, more than eight years have passed since the sentence commenced and restitution was ordered, and there is no indication that a hearing has been held or is contemplated in the near future. No reason for this delay has been demonstrated on this record. In these circumstances, we conclude that the trial court's order denying a hearing on the amount of restitution constitutes a departure from the essential requirements of law. Vasquez is irreparably harmed in that the trial court's order defers the restitution determination indefinitely. Her ability to dispute the amount of restitution diminishes as the memories of

2

witnesses fade or evidence becomes stale or unavailable.

We grant the petition for writ of certiorari, quash the order denying the motion for restitution hearing, and remand to the trial court to conduct a hearing on the amount of restitution as soon as practicable.

*Petition granted.*

STEVENSON, GROSS and LEVINE, JJ., concur.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***

3