# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**RICHARD ALLEN WHITE,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D13-2865

[April 1, 2015]

Appeal being treated as a petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Peter M. Weinstein, Judge; L.T. Case No. 04004292 CF10A.

Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for petitioner.

Pamela Jo Bondi, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for respondent.

KLINGENSMITH, J.

Richard Allen White ("White") appeals the final order of the trial court finding him guilty of one count of attempted first-degree murder and reserving jurisdiction to determine imposition of a restitution amount payable to the victim. On appeal, White argues that the time for imposition of a restitution amount has passed, and any such order imposing a restitution amount is barred both procedurally and by the defense of laches. For the reasons set forth herein, we treat White's rule 3.800(b) motion as a petition for certiorari and deny the petition, but remand the case to the trial court to hold a timely restitution hearing.

In 2013, the trial court corrected a sentencing error that occurred following White's initial conviction in 2006. In the 2006 order, White received his sentence and restitution was ordered, but the court reserved as to the amount. Upon re-sentencing in 2013, the trial court issued a final order which included the requirement that White must pay restitution, but again did not specify an amount. White then filed a

motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), alleging that the trial court's reservation of jurisdiction to determine the amount of restitution was erroneous and untimely. The trial court denied the motion, and this appeal followed.

Regarding the imposition of an amount of restitution in a criminal case, the Florida Supreme Court has held:

> [A]n order of restitution must be imposed at the time of sentencing or within sixty days thereafter. If an order of restitution has been entered in a timely manner, a court can determine the amount of restitution beyond the sixty-day period. We assume that a trial court will determine the amount of restitution at the earliest possible date.

*State v. Sanderson,* 625 So. 2d 471, 473 (Fla. 1993).

Additionally, this court recently addressed the issue of a delayed hearing to determine the amount of restitution in a criminal case in *Vasquez v. State*, No. 4D14-2276, 2014 WL 5618047 (Fla. 4th DCA Nov. 5, 2014). There, we stated:

> In *State v. Sanderson,* 625 So.2d 471, 473 (Fla.1993), the Florida Supreme Court held that an order of restitution must be imposed at sentencing or within sixty days thereafter, in accordance with Section 775.089(1)(a), Florida Statutes, and Florida Rule of Criminal Procedure 3.800(b). It added that if restitution is timely ordered, the court can determine the amount of restitution beyond that sixty-day period. However, it also provided: "We assume that a trial court will determine the amount of restitution at the earliest possible date." *Id.* at 473. Florida Rule of Judicial Administration 2.545(a) provides that judges must "conclude litigation as soon as it is reasonably and justly possible to do so." The *Sanderson* court did not authorize and likely never envisioned that a court would delay determination of the amount of restitution indefinitely.
>
> At this point, more than eight years have passed since the sentence commenced and restitution was ordered, and there is no indication that a hearing has been held or is contemplated in the near future. No reason for this delay has been demonstrated on this record. In these circumstances, we conclude that the trial court's order

denying a hearing on the amount of restitution constitutes a departure from the essential requirements of law. Vasquez is irreparably harmed in that the trial court's order defers the restitution determination indefinitely. Her ability to dispute the amount of restitution diminishes as the memories of witnesses fade or evidence becomes stale or unavailable.

*Id.* at *1-2. This court thereafter remanded the case to the trial court for a hearing to be held "as soon as practicable." *Id.* at *2.

A trial court may determine the amount of restitution after reserving jurisdiction to do so at sentencing. *Gladfelter v. State*, 604 So. 2d 929, 930 (Fla. 4th DCA 1992) ("We have repeatedly held, however, that as long as the *requirement* to pay restitution is included in the sentence, setting the actual *amount* of restitution, even beyond sixty days from the sentence, is permissible."), *aff'd*, 618 So. 2d 1364 (Fla. 1993). Indeed, the trial court can properly do so years after the date of sentencing if it reserves jurisdiction. *See Savory v. State*, 600 So. 2d 1, 2 (Fla. 4th DCA 1992) ("The original sentence did impose restitution and the court reserved jurisdiction to determine the amount at a later date. This is permissible."); *see also Smith v. State*, 589 So. 2d 387, 388 (Fla. 1st DCA 1991) ("A trial court may properly determine the amount of restitution at a hearing subsequent to the sentencing date."). Even so, a trial court must still "determine the amount of restitution at the earliest possible date." *Sanderson*, 625 So. 2d at 473.

Where a trial court reserves jurisdiction to determine a restitution amount at a later time and the defendant files a notice of appeal in the interim, the trial court is divested of jurisdiction over the issue while the appeal is pending. *Marro v. State*, 803 So. 2d 906, 907 (Fla. 4th DCA 2002). However, "[o]n remand, the trial court may impose restitution following a new hearing to determine the amount." *Id.* Accordingly, restitution hearings may be properly delayed for long periods of time in situations where a defendant pursues lengthy or multiple appeals, and still comply with the Florida Supreme Court's ruling in *Sanderson*.

In both *Vasquez* and the instant case, the restitution hearings regarding the amounts owed were delayed in part because the defendants pursued numerous appeals. Moreover, here, as in *Vasquez*, no reasonable excuse has been demonstrated for the latest delay in determining a restitution amount, and there is no indication in the record that a hearing will be scheduled anytime soon. As such, the practical effect is that White has been given an indefinite deferral of the

determination of his obligation, while the victim has been deprived of the right to timely restitution.

In light of the amount of time that has passed since the initial reservation on the issue of restitution, and considering this court's ruling in *Vasquez,* White is entitled to a hearing on the amount of restitution as soon as practicable.  Therefore, we remand this case to the trial court for further proceedings in accordance with this opinion, without prejudice to White's ability to assert his defense of laches at the restitution hearing.

*Petition denied; Remanded with instructions.*

GROSS and CONNER, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***