May, J.
The defendant appeals his sentence for DUI manslaughter. He argues the trial court erred in admitting an eyewitness’s statement over a hearsay objection during the sentencing hearing. He also argues the trial court erred in ordering the amount of restitution after the notice of appeal was filed. And lastly, he argues the trial court denied him due process in denying his motion to downwardly depart. We affirm the admission of hearsay and the trial court’s denial of the downward departure motion, but reverse on the restitution issue and remand for a new hearing.
The State charged the defendant with DUI manslaughter, attempt to leave the scene of an accident resulting in death, and vehicular homicide. The defendant entered a plea of nolo contendere to DUI manslaughter; the State nolle prossed the other charges.-
At the sentencing hearing, the defendant and a homicide investigator testified, and the State admitted the statement of an eyewitness. The defendant’s version of what happened conflicted with the statement of the eyewitness and the investigator’s testimony.
The defendant testified that another driver had exhibited road rage when he began honking his horn at the defendant while racing behind and beside him in another vehicle. The defendant looked in his rear view mirror to see where the other driver was, and when he looked up, the victim was right in front of him. He did not have time to stop. He testified that he attempted to perform CPR on the victim, but when he realized she had died, he attempted to commit suicide.
When the State offered the eyewitness’s statement, defense counsel lodged a hearsay objection, which the trial court overruled. The eyewitness attested that he saw the defendant “passed out” on the steering wheel at a traffic light. When the eyewitness honked his horn, the defendant took off. The eyewitness followed the defendant at speeds of 80 to 90 miles per hour. The defendant then turned off his vehicle lights and soon after hit the victim. The defendant attempted to leave the scene, but the eyewitness confiscated his keys and performed CPR on the victim.
The traffic homicide investigator testified that the defendant was traveling between 51 and 60 miles per hour in a 25 mile-per-hour residential speed zone. The defendant was traveling north in the southbound lane at the time of the accident. He found the defendant lethargic and appearing incoherent at the scene.
The State requested a fifteen year prison sentence. The defendant requested a downward departure followed by probation. The trial court denied the downward departure motion, and sentenced the defendant to fifteen years in prison. The court ordered restitution, but reserved jurisdiction to determine the amount. After the defendant filed his notice of appeal, the trial court entered a restitution order.
On appeal, the defendant argues the trial court erred in admitting the eyewitness’s statement because hearsay is inadmissible in non-capital sentencing proceedings. The State responds that hearsay is admissible at sentencing hearings, and any error was harmless.
The admissibility of hearsay in non-capital sentencing hearings, absent a request for a sentence enhancement, does not appear to have been addressed until now.
*935 The capital sentencing statute speaks directly to the issue. See § 921.141(1), Fla. Stat. (2015). It specifically provides that in a capital sentencing proceeding, “[a]ny such evidence that the court deems to have probative value may be received, regardless of its admissibility under the exclusionary rules of evidence, provided the defendant is accorded a fair opportunity to rebut any hearsay statements.” Id. Similarly, “cases have uniformly held hearsay is admissible at a probation revocation hearing, which has been described as a ‘deferred sentencing proceeding.’ ” State v. Davis, 133 So.3d 1101, 1105 n.6 (Fla. 3d DCA 2014) (citing Peters v. State, 984 So.2d 1227, 1230 (Fla. 2008)); see also Brown v. State, 18 So.3d 723, 723-24 (Fla. 4th DCA 2009).[1]
Yet, in cases where the State bore the burden to prove the prerequisites for enhanced sentencing in non-capital cases, hearsay has been held inadmissible absent an exception. See, e.g., Yisrael v. State, 993 So.2d 952 (Fla. 2008) (holding that department of corrections release-date letters are inadmissible to establish habitual violent felony offender status); King v. State, 590 So.2d 1032 (Fla. 1st DCA 1991) (providing that a department of corrections printout is inadmissible to prove habitual felony offender status).
Our supreme court has further held “that where a defendant disputes the truth of hearsay statements contained in a pre-sentence report (and those hearsay statements are material to the court’s required findings for an enhanced sentence), the State must produce evidence to corroborate those hearsay statements.” Davis, 133 So.3d at 1105 n.6 (citing Eutsey v. State, 383 So.2d 219, 225 (Fla. 1980)). Indeed, we have held that absent an attack on the truth of hearsay statements or documents relied upon at sentencing, corroboration is not required. See Lewis v. State, 514 So.2d 389, 389 (Fla. 4th DCA 1987).
Rule 3.720(b) of the Florida Rules of Criminal Procedure provides some guidance. It requires the court to “entertain submissions and evidence by the parties that are relevant to the sentence.” Here, the eyewitness’s statement was certainly relevant to the court’s imposition of a sentence.
We can find no prohibition to admitting the hearsay statement in this non-capital sentencing hearing. In fact, our sentencing rule contemplates the submission of such relevant evidence as the eyewitness’s statement. The defendant was able to provide his own statement concerning the accident; a statement contradicting that of the eyewitness. The trial court properly considered the defendant’s testimony, the eyewitness’s statement, and the testimony of the homicide investigator.
We now hold that hearsay is admissible in non-capital sentencing hearings. We affirm on this issue.
In his second issue, the defendant argues the trial court acted without jurisdiction when it held a hearing to determine the restitution amount after the defendant filed his notice of appeal. We agree and reverse on this issue.
If a trial court reserves jurisdiction at sentencing, it may determine the amount of restitution even years after the date of sentencing. White v. State, 190 So.3d 99, 101 (Fla. 4th DCA 2015). But, “[wjhere a trial court reserves jurisdiction to determine a restitution amount at a later time and the defendant files a notice of appeal in the interim, the trial court is divested of jurisdiction over the issue while *936 the appeal is pending.” Id. (citing Marro v. State, 803 So.2d 906, 907 (Fla. 4th DCA 2002)).
Here, the trial court ordered restitution and reserved jurisdiction to determine the amount. But, it waited until after the defendant filed his notice of appeal to hold the hearing. By that time, the trial court had been divested of jurisdiction. We therefore reverse and remand the case to the trial court, which may impose restitution following a new hearing on the amount.
We find no merit in the third issue raised concerning the denial of the defendant’s motion for a downward departure.

Affirmed in part, reversed in part, and remanded.

Gross and Damoorgian, JJ., concur.

. But, hearsay at a probation revocation hearing "must be supported by non-hearsay evidence for a court to revoke probation.” Whitehead v. State, 22 So.3d 846, 848 (Fla. 4th DCA 2009).