NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MICHAEL P. GORZYNSKI, DOC #R42807, )
                                )
         Appellant,             )
                                )
v.                                     )
                                )      Case No. 2D16-4793
STATE OF FLORIDA,          )
                                )
         Appellee.              )
_____ )

Opinion filed October 10, 2018.

Appeal from the Circuit Court for Collier
County; Frederick R. Hardt, Judge.

Howard L. Dimmig, II, Public Defender,
and Megan Olson, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kiersten E. Jensen,
Assistant Attorney General, Tampa, for
Appellee.

SLEET, Judge.

       Michael P. Gorzynski challenges his judgment and sentence for battery on

a law enforcement officer. He was convicted following a jury trial, and the trial court

sentenced him to three years in prison. On appeal, Gorzynski argues that the trial court

erred at sentencing by admitting into evidence, over a defense hearsay objection,

booking reports associated with two prior convictions. We conclude, however, that if it was error to allow the booking reports, the error was harmless as the reports were admissible as part of the presentence investigation report. See § 921.231(1), Fla. Stat. (2016) (stating that a full presentence investigation report "shall include," among other things, "(c) [t]he offender's prior record of arrests and convictions" and "(m) [a]n explanation of the offender's criminal record, if any, including his or her version and explanation of any previous offenses"); see also Mendoza v. State, 700 So. 2d 670, 678 (Fla. 1997) ("[E]rroneously admitted evidence concerning a defendant's character in a penalty phase is subject to a harmless error review . . . .").

Additionally, at the sentencing hearing, where the defense sought a sentence of six months' county jail followed by two years' probation, the trial court reviewed Gorzynski's history of prior violations of supervision and stated, "[Y]ou're not a candidate for any type of supervision. That's obvious from your record." As such, we can say beyond a reasonable doubt that the admission of the booking reports did not affect the outcome of sentencing. See State v. Anderson, 905 So. 2d 111, 115 (Fla. 2005) ("[H]armful error [is] error about which an appellate court cannot say 'beyond a reasonable doubt that the error complained of did not contribute to the verdict.' The test focuses on the effect of the error on the verdict or the sentence." (citation omitted) (quoting State v. DiGuilio, 491 So. 2d 1129, 1135 (Fla. 1986))).

Affirmed.


VILLANTI, J. Concurs.
LUCAS, J., Concurs separately with opinion.

LUCAS, Judge, Concurring separately.

I fully concur in affirming the judgment and sentence in the appeal Michael Gorzynski has brought before us. Mr. Gorzynski's appeal focuses solely on his thirty-six-month prison sentence, which, he argues, was based upon improper evidence the State presented to the sentencing judge. Specifically, he claims that the circuit court should have sustained his hearsay objection to the admission of booking reports from another county reflecting two prior arrests for resisting arrest.

Insofar as much of the pertinent information within the booking reports was essentially set forth in a presentencing investigation report that was properly before the court below,[1] I must agree with my colleagues that the admission of these booking reports was harmless in this case. See State v. Anderson, 905 So. 2d 111, 115 (Fla. 2005) ("We defined harmful error as error about which an appellate court cannot say 'beyond a reasonable doubt that the error complained of did not contribute to the verdict.' " (quoting State v. DiGuilio, 491 So. 2d 1129, 1135 (Fla. 1986))). But the reports themselves were clearly hearsay; and their admission—as a separate proffer apart from the PSI report—was erroneous. The State argues otherwise in this appeal, citing the Fourth District's decision in McInerney v. State, 213 So. 3d 933, 935 (Fla. 4th DCA 2017), a case that announced a broad, categorical rule concerning hearsay in sentencing hearings: "We now hold that hearsay is admissible in non-capital sentencing hearings." I write separately to address the State's argument concerning McInerney's holding, which I do not believe should be followed in our district.

---

[1]See § 921.231, Fla. Stat. (2016). Mr. Gorzynski was ultimately convicted of the charges reflected in the booking reports.

The Florida Evidence Code applies to sentencing hearings.  See § 90.103(2), Fla. Stat. (2016) ("This act shall apply to criminal proceedings related to crimes committed after the effective date of this code . . . ."); Engle v. State, 438 So. 2d 803, 813 (Fla. 1983) (observing that "sentencing is a critical stage of the criminal proceeding"); cf. In re Fla. Evidence Code, 372 So. 2d 1369, 1369 (Fla. 1979) (approving and adopting Florida Evidence Code to the extent that any provisions within the code were procedural).  That code, as we all know, prohibits the admission of hearsay evidence, absent a statutory exception or exclusion.  See § 90.802 ("Except as provided by statute, hearsay evidence is inadmissible.").  Thus far, the legislature has crafted one—and only one—statutory hearsay exception unique to sentencing hearings. Section 921.141(1), Florida Statutes (2015), states that in a sentencing proceeding for a capital felony, "[a]ny such evidence which the court deems to have probative value may be received, regardless of its admissibility under the exclusionary rules of evidence, provided the defendant is accorded a fair opportunity to rebut any hearsay statements." This statute has been deemed a substantive enactment, which permits a sentencing court to consider hearsay for capital offenses.  See Booker v. State, 397 So. 2d 910, 918 (Fla. 1981) (rejecting separation of powers constitutional challenge that section 921.141 attempts to govern practice and procedure, remarking that "section 921.141, Florida Statutes (1977), does not violate the requirements of article V, section 2(a), Florida Constitution" (citing Dobbert v. State, 375 So. 2d 1069 (Fla. 1979))); In re Commitment of Cartwright, 870 So. 2d 152, 160 (Fla. 2d DCA 2004) ("In Booker, the supreme court specifically addressed the issue of the admission of hearsay evidence in capital sentencing proceedings under a provision of the Florida statute governing such

proceedings."); McInerney, 213 So. 3d at 935 (observing that "[t]he capital sentencing statute speaks directly to the issue [of admissibility of hearsay at a sentencing hearing]").

To my mind, that really should be the beginning and end of any inquiry over whether section 90.802's prohibition against hearsay applies in noncapital sentencing hearings.  See Koppel v. Ochoa, 243 So. 3d 886, 891 (Fla. 2018) ("[W]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation." (alteration in original) (quoting Holly v. Auld, 450 So. 2d 217, 219 (Fla. 1984))); Diamond Aircraft Indus., Inc. v. Horowitch, 107 So. 3d 362, 367 (Fla. 2013) (explaining that statutory interpretation "begins with the plain meaning of the actual language of the statute"); Leisure Resorts, Inc. v. Frank J. Rooney, Inc., 654 So. 2d 911, 914 (Fla. 1995) ("When the legislature has used a term . . . in one section of the statute but omits it in another section of the same statute, we will not imply it where it has been excluded."). There is a substantive, statutory exception to hearsay for capital sentencing hearings. There is no such statutory exception for noncapital sentencing hearings.  Therefore, absent some independent basis for admission, hearsay evidence remains inadmissible in a noncapital sentencing hearing.[2]

McInerney holds otherwise.  It appears the Fourth District was persuaded that this evidentiary issue was guided by Florida Rule of Criminal Procedure 3.720(b). That procedural rule requires a sentencing court to "entertain submissions and evidence by the parties that are relevant to the sentence."  The rule does not address which

_____

[2]Quod erat demonstrandum.

- 5 -

submissions or what evidence are ultimately admissible; it requires only that the sentencing court should "entertain" their proffers.[3]  More importantly, the rule does not purport to expand or amend what, as Booker and Cartwright recognized, is a substantive enactment within the Florida Evidence Code.  And it couldn't if it tried.  See State v. Garcia, 229 So. 2d 236, 238 (Fla. 1969) ("The rules adopted by the [s]upreme [c]ourt are limited to matters of procedure, for a rule cannot abrogate or modify substantive law.").

While I concur in today's decision, I do not endorse the State's argument concerning the hearsay exception the Fourth District fashioned in McInerney.  Should an appropriate case arise, I think it would be appropriate to certify conflict with McInerney's holding that "hearsay is admissible in non-capital sentencing hearings," 213 So. 3d at 935, because that rule does not reflect the substantive statutory law on this evidentiary issue.

---

[3]I would point out—to the extent the rule is relevant at all—its operative term, "entertain," is not a precise fit for the manner in which McInerney uses it.  Given the relative infrequency that that term is used in statutes and rules—as juxtaposed against "consider"—it seems likely that the two words may hold different operative meanings.  In my view, to "entertain" a submission or piece of evidence seems to connote the idea that the sentencing court must consider whether relevant information is admissible.  That is, the court cannot preclude a proffer of otherwise relevant evidence.  But entertaining the possibility of evidence is a qualitatively different kind of decision than considering the substance of the evidence as if it were already admitted.  The former meaning more neatly aligns with a procedural function of a sentencing court; the latter seems more substantive.